WILLIAM P. ANGEL, Respondent, v. HARRIET HOLLIS-
TER, Executrix, &c., of Levi Coon, deceased, Appellant.

*Replevin—Res adjudicata—Former recovery for portion of goods—Evidence—
Title.*

Where a Plaintiff in replevin took several chattels from the possession of the
Defendant, and recovered final judgment for a part of them only, on a trial
on which the title to the whole was contested, he cannot, on the trial of a
subsequent replevin, brought to regain the possession of the residue of the
chattels by him from whose possession they had been so taken, be per-
mitted to allege title and prove it by the "same evidence by which he had
endeavored to prove title to the same property" on the former title, and
failed.

The effect of a verdict in replevin against the Plaintiff, where the Defendant
by his answer merely puts in issue the allegations of the complaint, is not
necessarily conclusive that the Plaintiff has no title to the property; it may
have been found that the Defendant did not wrongfully detain. Its effect,
therefore, depends upon extrinsic evidence.

But where the property was taken from the Defendant's possession, and it is
proved that title to property was in fact the subject of the contest on that
former trial, the verdict therein for the Defendant is conclusive.

APPEAL from judgment of General Term of Eighth District,
reversing judgment entered on the report of a Referee dismissing
the complaint.

This action is brought to recover the value of 18,000 shingles,
and 4,000 feet of hemlock boards, joists, and scantling, and 400
lineal feet of sawed timber, framed, ready to be put into a build-
ing alleged to be the property of one Mallory, and taken and
sold by the Defendant. The Defendant put in an anwer to the
complaint denying each and every allegation therein contained.
On the trial of the action it appeared that in August, 1856,
Levi Coon, the Defendant's testator, commenced an action against
Mallory, to recover from him the possession of the shingles and
lumber in question, together with a quantity of framed timber.

That cause was tried before a Referee, who, after hearing the
proofs of the parties, found that the Plaintiff was entitled to re-

cover the possession of that portion of the property described in the complaint, which was therein described as "framed timber," and which timber so described had been delivered to the Plaintiff during the pendency of the action, on which report judgment was entered for the Plaintiff for the possession thereof, with costs. It appears that the Referee in that case made no formal or written determination as to the rights of the parties as to the residue of the property described in the complaint in that action.

It was proved, in this action, that the property described in the complaint therein was the same property in the complaint in the original action, not referred to in the Referee's report. That, at the commencement of said action of replevin, said property was taken from the possession of said Mallory, and delivered to said Coon, by the sheriff. That Coon afterward, and in August, 1856, sold the same to one Weiss, and it was used in the erection of a building by him, and that it was then worth $75. And, before the commencement of this action, Mallory assigned his claim to the Plaintiff.

The Plaintiff rested, and the Defendant offered to prove title to the property in question in Coon, at the time of the alleged conversion, by legal purchase on execution upon a judgment against one Young, and admitted that, on the trial of the former action against Mallory, Coon introduced the same evidence to establish his title to the property now in litigation, together with the rest of the property thence replevied. This evidence was objected to, among other things, for the reason that the record which had been given in evidence in Coon *v.* Mallory concluded the Defendant, and barred her showing title in such property in Coon ; that such title had been once litigated and decided against him. The Referee overruled the objection and admitted the evidence, and the Plaintiff duly excepted ; a judgment was entered upon the Referee's report, and the Plaintiff appealed to the General Term, where the judgment was reversed. Judgment was entered, and the Defendant appealed to this Court.

*Jerome Rowe* for Appellant.

*William A. Meloy* for Respondent.

MILLER, J.—The decision of this case depends upon the correctness of the Referee's ruling in admitting proof of title to the property in question in Coon. I think that he committed an error in his decision, and that the Defendant was barred by the record, in the action brought by Coon *v.* Mallory, from showing such title, because it had been disposed of by the decision and judgment in that case.

In the action of replevin brought by Coon *v.* Mallory, the complaint alleged that the Defendant became possessed of, and wrongfully detained, the property claimed; and the answer denied each and every allegation, without making any claim for a return of the property.

The Code (§ 277) provides that where the property has been delivered to the Plaintiff, and the Defendant claims a return thereof, judgment may be rendered for a return of the property or the value thereof, in case a return cannot be had, and damages for the taking and withholding of the same. This provision altered the Revised Statutes, which gave the Defendant the right to elect either to take judgment for the return, or for the value of the property, at his option. (2 R. S. 531.) As it does not appear that any claim was made by the Defendant for a return of the property, he was not entitled to a judgment to that effect.

It is insisted by the Defendant's counsel, that the denial in the answer put in issue the title to the property, and, in determining that question, the Referee could only decide the whole issue by finding the fact of the Defendant's title, and by rendering a judgment for its restoration.

I think this position is not a sound one, and it is in direct conflict with Yates *v.* Fassett (5 Denio, 21). The case cited was an action of trover to recover the value of a canal-boat which had been replevied by the Defendant of the Plaintiff and another party in a previous action, and a judgment rendered in favor of the Defendant for costs, in which action the title was litigated. It was held that the Plaintiff could recover, and where a party, sued for replevin in the detinet, pleaded only non detinet, and had a verdict in his favor, and a judgment for costs, but not a return that he could

maintain an action against the Plaintiff in the first suit, although he might have so pleaded as to entitle him to a return of the value of the property, and had omitted to do so. The whole subject is fully discussed and elaborately considered, and the learned Judge who wrote the opinion says: "I see no reason why a Defendant in replevin may not confine himself simply to his defence on non detinet, withholding any special plea of title to the property, and, in case the verdict is against the Plaintiff, present a claim of title in another suit." This, I think, covers fully the question here presented, and must be controlling in this case.

We have been referred to several other cases which, it is claimed, are in conflict with these views. In Pierce v. Van Dyke (6 Hill, 613), it was decided that a Defendant in a replevin suit, who succeeds at the trial under a plea of non detinet, on the sole ground that the property should have been demanded before suit brought, is not entitled to judgment for a return, or for the value of the property, and that, in order to entitle him to judgment for a return, under the plea of non detinet, he must succeed on the two branches of the issue upon that plea, the detention and the property of the Plaintiff in the goods. And, even then, it is said merely that it may be that the Defendant should have a return, although the statute militates against that conclusion. Without deciding the precise question, it in no way interferes with the principle decided in the late case of Yates v. Fassett.

In McKnight v. Dunlop (4 Barb. 36), it was held that a Defendant in a plea of non detinet in replevin will be entitled to a return, where the jury find that the Plaintiff has no property in the goods replevied; and it was said that whenever a Defendant in a replevin is entitled, under the pleadings, to try the title to the property, and, in case he succeeds, is entitled, under such pleadings, to a return of the goods, he is bound to try the title in such suit, and to take a judgment therein for a return, or the value of the goods. No allusion is made to the case of Yates v. Fassett; and the learned Judge, in his opinion, refers to Pierce v. Van Dyke, as intimating that a Defendant, in a plea of non detinet, will be entitled to a return where the jury find that the Plaintiff

has no property in the goods. I have already stated what the intention was, and it is manifest that so far as it may be in conflict with the latter case, it cannot be considered as a binding authority. As the Defendant in the replevin suit did not claim a delivery of the property belonging to him, he would not be entitled, under the pleadings, to a return of the property, and hence the rule laid down has no application in the case before us. But if the answer of the Defendant in the replevin suit can be considered as equivalent to a plea of non detinet, and the cases referred to and relied upon by the Defendant establish that such a plea requires the Defendant to obtain a verdict and judgment for a return of the property, then they are in conflict with Yates *v.* Fassett, which has never been directly considered and overruled, and which, I think, should stand as the better exposition and elucidation of the principle involved, and as a well-considered and sound decision of the question.

In the replevin suit, the Defendant had possession of the property, was primâ facie the owner, and Coon was bound to establish title in himself as against the Defendant in that action before he could recover. It will be seen that this involved the whole question of title, whether Mallory was lawfully in possession, and Coon had a title as against the possession. Proof of Mallory's title was not demanded, as he would have a right to establish title in a third party, and, being in possession, Coon's title was the essential issue litigated. In failing to obtain a judgment in his favor, the title of Coon was judicially determined against him, and the question must be considered as res adjudicata. The Referee clearly erred in admitting the testimony objected to.

The point taken, that the Plaintiff's remedy is on the bond, and that it becomes substituted for the goods, cannot, I think, be sustained; as no judgment had been given for a return of the property, in accordance with the condition of the undertaking, there was no forfeiture, and no recovery could be had.

As these considerations dispose of the case, it is not necessary to discuss ome other points made on the trial. The judgment

of the General Term, reversing the judgment entered on the Referee's report, must be affirmed, and judgment absolute entered in favor of the Plaintiff.

WOODRUFF, J.—The intestate, by proceedings in replevin, took from the possession of the assignor of the Plaintiff the property now in question. By that action he invited an issue upon his title to the property, and his right to retain that possession which he had by those proceedings obtained.

The assignor of the Plaintiff, Defendant in that action, put in issue that title and that right of possession, and also the averment that he wrongfully detained the property.

On the trial, although the then Plaintiff established his right as to the property included in the replevin, he wholly failed as to the property now in question. It is clear, therefore, that had the former replevin embraced no other property than that now sued for, judgment must have been rendered for the Defendant therein for his costs. According to the decision of the Supreme Court in Yates *v.* Fassett (5 Denio, 21), he could not, in that event, have had any other judgment. Not having pleaded title or right of possession in himself or in another, he could not have had judgment for the return of the property. So here, as he had not pleaded title, he could not, according to the intimation in that case, have had judgment for the return of the property now in question; and, under the Code, it is where the Defendant by his answer claims a return of the property that such a judgment can be given. If this be correct, then the judgment in the former action is conclusive upon the Plaintiff therein (this Defendant's intestate) as to one, at least, of the facts which, in respect of the property now in question, constituted a defence admissible under those pleadings; to wit, either that the Plaintiff had no title to the property, or that the Defendant did not wrongfully detain it. The mere failure of the then Plaintiff to recover in that action for this property—and that is all that the judgment record discloses—would not determine upon which of these grounds the judgment was rendered.

14

It is obvious that a judgment in replevin, founded on a verdict finding simply and only that the Defendant did not wrongfully detain the property described in the complaint, would not establish that the Defendant owned the property, or that the Plaintiff did not. On the other hand, a verdict that the Plaintiff had no title, and judgment thereon, would be conclusive upon such Plaintiff in any subsequent action in which it was attempted to be shown that he had title.

The effect of a judgment for the Defendant in such a replevin suit, when his answer is a mere denial of the Plaintiff's allegations, must therefore depend upon extrinsic evidence. If, in that suit, the property was taken from the Defendant's possession, and was delivered to the Plaintiff, and the question actually tried was whether the Plaintiff had title, then a verdict for the Defendant is conclusive against the Plaintiff that he had no title, and he cannot be afterward heard, in an action with the same party, to impeach that verdict.

Now, on the trial of the present action the Plaintiff proved such a judgment on a finding of a Referee, in substance that the intestate (then Plaintiff) had failed .to prove allegations in his complaint in respect of the property now in question. The Plaintiff then proved that the property was in possession of Mallory (then Defendant), and that the then Plaintiff (Coon) took the property from him by the process.

The Defendant then offered to prove title in himself by "the same evidence" by which he had endeavored "to establish his title to the property now in litigation," on the former trial between the same parties, in which he had recovered other property embraced in that suit.

I think this evidence was clearly inadmissible ; it was a plain endeavor to litigate a question which was in issue between the same parties on the former trial,—a question upon which the Plaintiff then (now Defendant) had the burden of proof, and which was in fact litigated, and in which he failed. Upon elementary principles, applicable to all verdicts, the Plaintiff in that action was concluded.

It is said, however, that inasmuch as the Defendant in the former action (the Plaintiff's assignor) might have set up his title in the former action, and had a judgment for the return, and did not do so, he also is barred, and cannot maintain this action to recover the possession.

I concur fully in the decision in Yates *v.* Fassett (5 Denio, 21), that no such consequences result from the failure of the Defendant to obtain such judgment. He was put upon his defence, and, if he defended himself against the claim to this property, he might have entitled himself to a judgment affirmative in its character that this property be returned to him, but he was not bound to do so. Possibly, upon the then state of the pleadings (according to Yates *v.* Fassett), he could not, by any proof, have entitled himself to such a judgment. At all events the question of *his title* to this property was not decided against him. It may be conceded that a Defendant, though he succeeds in defending himself, does not always, whatever may be his pleading, entitle himself to a judgment for a return,—e. g., where the Plaintiff proves title and right of possession, but the Defendant shows that his possession was originally without wrong, and defeats the action, because there was no demand before suit brought. (Pierce *v.* Van Dyke, 6 Hill, 613.)

But the fact that he has no affirmative judgment for a return does not per se show that he is not entitled to the possession. The illustration given in Yates *v.* Fassett is apt and conclusive. A Defendant in an action may, in a proper case, recoup his damages, and may obtain his affirmative judgment; but the fact that he omits to recoup does not bar his cross-action.

I think the order granting a new trial should be affirmed, and, pursuant to the Defendant's stipulation, judgment absolute should be entered for the Plaintiff, with costs.

GROVER, HUNT, and CLERKE, JJ., not voting.

Judgment affirmed.