GEORGE DEAR, Respondent, v. MASON H. REED,
Appellant.

*Conversion of property by one tenant in common — exception to the rule requiring a
sale or destruction of the property in order to constitute a conversion — res adjudi-
cata — the party seeking to avoid it must show that the issue in question was not
decided — how the grounds of the former decision should be proved.*

In this action, brought to recover for the conversion of a quantity of wool, it
appeared that the plaintiff's claim was founded upon an agreement under which
the plaintiff had worked a farm and cared for a flock of sheep belonging to the
defendant. The plaintiff claimed to be entitled to one-half of the wool sheared
in June, 1883. Upon the trial it appeared that an action had already been
brought by the plaintiff against the defendant for the same cause of action in
a Justice's Court in July, 1883, and that after the issues therein had been tried
a judgment had been rendered therein in favor of the defendant. The plaintiff
sought to relieve himself from the effect of this adjudication by showing that
it was made upon the ground that the first action was prematurely brought,
the evidence then produced failing to show that the defendant had at that time
converted the wool.

*Held,* that as the issues involved were substantially the same the first judgment
was *prima facie* a bar to this one, unless the plaintiff should show that he was
defeated in the first action because his right of action had not then accrued.

That as the parties were tenants in common of the wool which was in the posses-
sion of the defendant the plaintiff could not recover without showing a sale or
conversion thereof by the defendant; and as neither of these events had occur-
red at the time the first action was brought, it would be presumed that he was
defeated upon that ground.

That as the wool in question was that of a whole flock, and as there was no
evidence to show it was all of one grade, or that the fleeces were of equal
weight or condition or value, these facts would not be presumed, and that
therefore the case did not fall within the exception to the rule, prescribing the
acts which amount to a conversion of property held by one tenant in common,
relating to such property as is readily divisible and commonly divided by weight,
tale or measure into portions absolutely alike in quality and value.

*It seems,* that in determining by oral evidence the grounds upon which the former
decision and judgment were made, this fact must be ascertained from what took
place on the trial by reference to the evidence there presented for considera-
tion, and that it is not competent for the justice who rendered the judgment
to testify in general terms upon what grounds he did or did not reach such
determination.

Appeal by the defendant from a judgment, entered on a verdict
rendered at the Ontario County Court, and from an order denying
a motion for a new trial.

The action was brought to recover for the alleged conversion of a quantity of wool, and was originally commenced in a Justices' Court where the defendant had judgment, and on appeal to the County Court a new trial was there taken and the plaintiff recovered $150.

On the 1st of April, 1881, the parties made an agreement which was reduced to writing but not subscribed by them or either of them as follows: "I, Mason H. Reed, of the town of Gorham, let my farm to George Dear, of Gorham, for one year. He is to have and work all the land that I have to work for one year, and is to find one-half of all the seed, clover and all, and all the grain raised is to be divided and each to have half, and I am to put on the farm all the sheep that I have on the 1st day of April, 1881, and I am to have all the wool this year, and G. Dear is to have half of the wool next year, and G. Dear is to have half of the lambs this year, and I have them all next year, and G. Dear is to keep the number of sheep that I have the first of April good out of his share of the increase, and all the rest is his to sell the culls and keep the sheep as good a lot as he finds the 1st of April, 1881. G. Dear is to take care of them after the 1st day of April, 1881, until shearing, and I am to take care of them after the 1st day of April 1882, until shearing. I give G. Dear one-half of the wool that year, and I am to wash and shear the sheep this year and G Dear is not to have any trouble or expense with them, and G. Dear agrees to wash and shear the sheep next year, and I am not to have any trouble or expense with them. Each has half of the wool in 1882. G. Dear is to find half of the keeping until pasture is good and fit to turn out sheep in 1882." Then follow some other provisions having no relation to the sheep or wool. In the spring of 1882, the parties orally agreed that the plaintiff should continue on the place another year on the same terms. He went on under the first agreement April 1, 1881, and for one year from April 1, 1882, continued there under such renewal of it and left the premises April 2, 1883. This controversy has relation to the wool sheared from the sheep in 1883.

The plaintiff claims that he is entitled to half the wool of that year, and the defendant insists to the contrary. The County Court held with the plaintiff and directed a verdict for him.

*T. H. Bennett*, for the appellant.

*J. E. Robson*, for the respondent.

BRADLEY, J. :

The determination of this case requires that construction be given to the agreement of the parties under which the plaintiff occupied and worked the defendant's farm for the year ending with the 31st March, 1883, so far as it has relation to the controversy about the wool sheared in 1883 from the sheep on the premises. And if the defendant was entitled to one-half of that wool, then the further question arises whether the recovery in this action was barred by a former adjudication between the parties. The defendant had on the farm a flock of sheep when the plaintiff went on, the 1st of April, 1881, under the agreement then made, and the provisions of it in respect to the sheep and wool were performed pursuant to its terms so that the plaintiff had half the increase of the sheep in 1881, and half the wool sheared from them in 1882. The sheep remained on the place and the plaintiff continued there another year and until April, 1883, under an arrangement to work the farm upon the same terms and conditions. That is the fair import of the new agreement and it constituted a renewal of that first made. In the spring of 1881 the sheep were deemed, for the purposes of the agreement, put on to the farm as sheared sheep, because the wool was then grown, and they were probably sheared about two months after the commencement of the term, and therefore the plaintiff should have none of the wool of that year, but because he was required to take care of the sheep and lambs thereafter during the season he should have half the lambs of 1881. And because the wool to be sheared in 1882 would grow on the sheep during the term and while the plaintiff had the care of them, and while half the feed for them would come from his interest in the products of the farm, etc., he should have one-half the wool clipped from the sheep in 1882, but inasmuch as his term would end before the lambs of 1882 would be dropped, cared for and raised that year, he should not have any of the lambs of that season.

Those are the apparent views and intent of the parties and the reasons for the agreement as first made. And it may, without difficulty, be assumed that in the renewal of that agreement they were governed in their understanding of it as continued by the same motives, founded upon the same reasons, as those which gave the terms to the agreement as first made. The plaintiff was required

to take care of and feed the defendant's sheep through the year and up to April, 1883, during which time the wool for the clip of that year would substantially attain its growth, and within the purpose of the parties as fairly indicated by their agreement, the half of the wool may be treated as part at least of the compensation to the tenant for his care, etc., given to the sheep during the growth of their wool. And the reasonable interpretation of the renewed arrangement for the second term would seem, on its performance by the plaintiff, to entitle him to half of the wool taken from the sheep in 1883. The plaintiff performed his part of the agreement until April, 1883, and the evidence tends to prove that he was ready and willing to do so up to the time the sheep were sheared, and it is not seriously claimed to the contrary. It seems that the defendant recognized no right in the plaintiff to do anything.in respect to the sheep after the term expired, or any right in him to any part of the wool taken from them that year. But it is contended on the part of the defendant that because the oral arrangement for the renewal purported to be to work the farm another year, and no reference was expressly made to the sheep or wool, the provisions of the first agreement in respect to them cannot be deemed included it it. That contention is not supported. The taking care of the sheep and their use constituted part of the considerations involved in the agreement, and the stipulations in relation to them were part of it for the letting and taking the farm. In those provisions were included the disposition and use to some extent of the crops of pastures, meadows, etc., of the premises. And the defendant must be deemed to have so understood it, as he left the sheep on the place to receive support and have the care of the plaintiff without any other or different agreement.

These views lead to the conclusion that the interpretation of the agreement for the second year, as claimed by the plaintiff, is the one by which the rights of the parties were governed. There was no question specifically raised by the defendant on the trial in respect to the full performance by the plaintiff and his readiness to perform the agreement on his part in those things required of him after the expiration of the term in 1883. The court was justified in the conclusion that no question in that respect was presented for consideration.

The other question may not be free from difficulty. In Jul

1883, the plaintiff commenced an action in Justices' Court against the defendant for the same alleged cause of action as that charged by the complaint here, and all the matters alleged were denied by the answer. The issues were tried and submitted and judgment rendered for the defendant. This action was afterwards brought and that judgment pleaded as an estoppel and put in evidence in this action. The issues in respect to the cause of action, were substantially the same in that as in this action, and when it appeared that it related to the same property the judgment was *prima facie* a bar and the burden was with the plaintiff to prove that it was not *res adjudicata.* The case in the former action having been submitted to the justice, the judgment which followed was in legal effect on the merits. And as between the parties was conclusive in respect to any matters litigated or which came within the legitimate purview and might have been litigated and determined in the action. (*Smith* v. *Smith*, 79 N. Y., 634; *Leavitt* v. *Wolcott*, 95 id., 219.) It is claimed on the part of the plaintiff that the former action was prematurely commenced and that the right of action had not then accrued. If that proposition of fact is established the action is relieved from the force of that judgment as a former adjudication, because it is only when a right of action has accrued so that judgment may have been supported in that respect that it can ordinarily be treated as a bar to an action subsequently brought. (*Quackenbush* v. *Ehle*, 5 Barb., 469; *Marcellus* v. *Countryman*, 65 id., 201; *Nelson* v. *Couch*, 15 C. B. [N. S.], 99; *Angel* v. *Hollister*, 38 N. Y., 378; *Stowell* v. *Chamberlain*, 60 id., 272, 276.)

The plaintiff's alleged title was in question in that action, and his right to recover depended as well on the determination of that as on the question of conversion by the defendant of the property. And it is contended by the counsel for the defendant that the title was determined against the plaintiff in the former action. If that were so the judgment would be a bar to a recovery here. The judgment is necessarily general in its terms and discloses no ground upon which it was rendered and presumptively it is a determination of all the issues involved; but when it is made to appear that there was no right of recovery because the alleged cause of action had not accrued, the legitimate inference is that the plaintiff's recovery was defeated on that ground, as for that reason he had no right to

relief. And such would be the presumption. ( *Wilcox* v. *Lee*, 1 Robt., 355 ; S. C., 26 How., 418 ; Id., 1 Abb. [N. S.], 250.)

The important question therefore is whether it appears that the first action was prematurely commenced. The wool had been taken from the sheep and was in the defendant's possession and unsold at the time that action was commenced and tried. If the right of action for conversion depended upon a sale or destruction of the property by the defendant the action was premature.

The parties were tenants in common of the property, and ordinarily the possession of one co-tenant and his exclusion of the other from it or the refusal on his demand to deliver or sever it is not evidence of conversion. ( *Gilbert* v. *Dickerson*, 7 Wend., 449 ; *Osborn* v. *Schenck*, 83 N. Y., 201 ; affirming, 18 Hun, 202.)

But the rule requiring sale or destruction may not apply when the property is in its nature severable in respect to quality and quantity by weight or measure, and the interests of the respective owners in common are clearly defined. In such case the refusal of one tenant in common having possession of the whole to permit his co-tenant to sever and take his share from it may support an action as for conversion. ( *Lobdell* v. *Stowell*, 37 How., 88 ; affirmed, Id., 96 ; 51 N. Y., 70 ; *Channon* v. *Lusk*, 2 Lans., 211 ; *Stall* v. *Wilbur*, 77 N. Y., 158–164.)

If the fact had arisen when the first action was commenced, requisite to support the action for conversion, the judgment was a bar although the plaintiff there may have failed to produce the evidence in support of it. For the purposes of the question now under consideration it is not so important what the evidence was in that respect on the trial of that action, as it is to ascertain whether the alleged right of action had then accrued by any act or adequate words of the defendant which would sustain the allegation of conversion by him.

This proposition may present two questions : 1. Was the character of the property such that it was definitely severable, in specie, by weight, or measure, so as to give equality in quantity, value and quality, to the parties in severalty ? 2. And if that be so, had anything occurred prior to the first action which constituted conversion or evidence in support of it ? It does not appear that the wool of these sheep was all of one grade ; that the fleeces were of equal

weight, or that the condition or value of all of it was the same. It is a well recognized fact that grades of wool differ and that the market value is governed by the grade and condition of it. It is not sufficient that by the exercise of the judgment of competent persons a division could be made into two parts of approximately equal values. Such severance might require a difference in weight. And then the exact equality in value given by the division might not have the support of uniformity of opinion.

The exception to the rule that an action for conversion will not lie in favor of one tenant in common against his co-tenant unless the property is lost or destroyed (which includes a sale by the latter) is limited to "property readily divisible and commonly divided by weight, tale or measure, into portions absolutely alike in quality and value." (*Channon* v. *Lusk*, 2 Lans., 213.)

To maintain such an action, not supported by the rule, the burden is with the plaintiff to establish the fact that it is within the exception, and for the purpose of making the former action and judgment a bar, the defendant is required to make it appear that the support of that action did not depend upon the loss, destruction or sale of the property.

This is matter of proof, not of legal presumption. Absolute accuracy of partition of the several kinds of grain in bulk may respectively be made by weight or measure, because it is assumed that all portions of each are undistinguishable in quality or value. (*Kimberly* v. *Patchin*, 19 N. Y., 330.) And the same rule may be applied to money having a like standard of value. But it is difficult to see how it can be extended to the wool taken from a flock of sheep, unless it appear that the several fleeces correspond completely in grade, quality, condition and value. It is a well-advised fact of common understanding that there are various grades of wool, and that the value is dependent on that and upon the condition of wool of the same grade. And it cannot be assumed that it is practicable to divide each fleece into two parts without prejudice to its market value.

It seems to follow that the conclusion that the property in question was such as to come within the exception to the rule before mentioned is not permitted by the evidence. And that as no sale by the defendant of the wool had been made at the time of the first

action and judgment, but it was then in his possession unimpaired, no right of action was then in the plaintiff. (*Hall* v. *Page*, 4 Ga., 428; S. C., 48 Am. Dec., 235; *Lobdell* v. *Stowell*, 51 N. Y., 70 -73.) The view taken renders it unnecessary to consider the other question. If the property came within the exception and was divisible for the purposes of the action, whether there was any fact tending to support the charge of conversion at the time of the first action was a close question upon the evidence. (*Thomas* v. *Williams*, 32 Hun, 257; *Lobdell* v. *Stowell*, *supra*.) We think, for the reasons before given, that the only evidence or fact of conversion was the sale of the wool by the defendant, made after the judgment in the former action and prior to the commencement of this one. And that the question in that respect was properly disposed of as one of law by the court below.

If the views thus given are correct the question raised upon the exceptions taken to the admission of the evidence of the justice, before whom the trial of the first action was had, of the ground upon which his determination and judgment were founded, becomes unimportant in relation to the result of the trial of this action. While it is necessarily legitimate to ascertain by oral evidence the grounds on which a decision and judgment of a court are rendered when the importance of the question arises, it has been held that the fact must be obtained from what took place on the trial by reference to the evidence presented there for consideration, and that it is not competent for the justice who rendered the judgment to testify in general terms upon what ground he did or did not reach his determination. (*Agan* v. *Hey*, 30 Hun, 591.) From what has already been said it follows that none of the defendant's exceptions were well taken, and the case seems to have been properly disposed of on the merits, and as the apparent rights of the parties fairly required.

The judgment and order should be affirmed.

SMITH, P. J., and BARKER, J., concurred.

Judgment and order affirmed.