DETERMINED IN THE

# FIFTH DEPARTMENT

AT

## GENERAL TERM

### January, 1892.

---

GEORGE D. BOWN, Respondent, *v.* A. FRANK WEPPNER
AND ANOTHER, APPELLANTS, IMPLEADED WITH ANOTHER,
DEFENDANT.

*Replevin — sureties — when they are exonerated by the failure of the defendant to demand a return of the property — Code of Civil Procedure, secs.* 1730, 2930, 2931.

One A. Frank Weppner brought an action against George D. Bown, in the Municipal Court of Rochester, to replevy property, in which action the alleged cause of detention was stated to be that Bown claimed the property as the assignee of one Murdoff. Bown, who did not demand a return of the property, answered denying any title in himself, and alleging that any title in him, as assignee of one Murdoff, was subject to a levy by the sheriff of the county. Weppner, believing that the sheriff had made a valid levy, discontinued the action and the complaint was dismissed.

In an action brought by Bown against the sureties upon the undertaking given in the replevin proceedings:

*Held*, that he could not recover.

That, by the terms of the undertaking the sureties were only bound for the return of the property to Bown, in case the possession should be adjudged to him; and that as he had failed to demand this relief in his answer it could not be thus adjudged.

That the clause in the undertaking as to the liability of the sureties, in case the action should abate or be discontinued before the property should be returned to the defendant, referred to such a determination of the action before a return of the property, pursuant to a requirement during the action, under section 2925 of the Code of Civil Procedure, or pursuant to a judgment awarding the defendant possession. (MACOMBER, J., dissenting.)

APPEAL by the defendants, A. Frank Weppner and Patrick Fahy, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 27th day of February, 1891, in favor of the plaintiff for ninety-two dollars and eighteen cents, after a trial before a referee.

*G. D. Reed*, for the appellants.

*G. F. Parker*, for the respondent.

DWIGHT, P. J. :

The action was against the sureties on the undertaking of the plaintiff in an action of replevin brought by one A. Frank Weppner, against the plaintiff in this action, in the Municipal Court of Rochester, to recover four tierces of lard. The complaint in that action alleged ownership of the property in the plaintiff, possession by the defendant, demand for and refusal to deliver the same, and that the defendant had wrongfully converted the same to his own use, and contained the usual demand for judgment. The plaintiff also duly procured the requisition of the Municipal Court, and caused the property to be replevined and delivered to him. The affidavit upon which the requisition was issued stated the alleged cause of the detention of the property by the defendant to be that he claimed to hold it as the assignee of one Murdoff. The defendant did not require the return of the property to him. His answer, which was verified by himself, denied the complaint " in each and every particular," alleged that the property was in the custody of the sheriff of Monroe county by virtue of the levy of an execution; " that the sheriff of the county of Monroe should be the party defendant in this action in the place of this defendant; that all rights or claims of this defendant, as the assignee of the A. F. Murdoff mentioned in the complaint, are subject to the levy of the said sheriff, \* \* \* and this defendant ought not to be sued on account of any or all allegations set forth in the complaint." The answer made no allegation of ownership or right of possession of the property in the defendant, and, by its general denial, denied that it was in his possession; and it asked for a dismissal of the complaint, but did not demand judgment for the return of the property to him.

Such being the state of the pleadings and of the proceedings in the action of replevin, the plaintiff therein on the adjourned day

went into court and withdrew or discontinued the action "by reason," as the referee finds, "of the allegation in said answer of said Bown, alleging a valid levy by the sheriff upon said lard, and believing that he had brought said action against the wrong party;" and the court thereupon entered a judgment of dismissal of the complaint.

We are of the opinion that upon these facts this action ought not to have been maintained against the defendants. They were sureties, merely, and were bound only according to the terms of their undertaking, viz., for the prosecution of the action, and for the return of the property to the defendant in case the possession thereof should be adjudged to him, or in case the action should abate or be discontinued before the property should be so returned. The action was prosecuted to final judgment, and that judgment was in favor of the defendant for the only relief to which, under his answer, he was entitled. He could not have judgment awarding possession of the property to him because he had not demanded such judgment by his answer. And this not merely upon the general principle that a man will not be granted judgment for more than he asks, but because, by the statute, such a demand in the answer in a case like this is necessary to give jurisdiction to the justice to render such a judgment. (Code of Civ. Pro., §§ 1730, 2930, 2931.) The suggestion that the defendant might, perhaps, in the further progress of the action, have obtained leave to amend his answer in this respect, does not meet the difficulty. The liability of these sureties must be determined upon the case as it actually stood, and not as it might have been made, and no presumption will be entertained that the defendant would have asked leave to interpose the demand in question if the action had not been discontinued. The relief actually demanded by the answer was in accordance with the whole tenor of that pleading, which, in effect, disclaimed any right in the defendant to the possession of the property.

The reference in the prescribed alternative condition of the undertaking, to an abatement or discontinuance of the action before the return of the property, is, of course, to such a determination of the action before a return of the property in response either to the requirement of the defendant pending the action (Code, § 2925), or in pursuance of a judgment which awards the possession to him. In this

case the defendant has not made such requirement pending the action, nor by his answer entitled himself to such a judgment.

Upon the case presented here, we are of opinion that no breach of the conditions of the undertaking of the sureties, defendants in this action, has been established, and that the motion for a nonsuit should have been granted.

The judgment must be reversed and a new trial granted.

LEWIS, J., concurred.

MACOMBER, J. (dissenting):

The condition of the undertaking sued on was as follows: "For the prosecution of the above-entitled action, for the return of said chattels to the above-named defendant, if possession thereof is adjudged to him, or if the action abates or is discontinued before the said chattels are returned to said defendant, and for the payment to the said defendant of any sum which the said judgment awards to him against the said plaintiff." This condition was in conformity to sections 1699 and 2920 of the Code of Civil Procedure The answer, besides the defenses named in the prevailing opinion contained a general prayer for relief.

I think the plaintiff in the action in the Municipal Court, A. Frank Weppner, had no more right to discontinue that action after the defendant therein (the plaintiff in this action) had put in his answer, and then claim as a result thereof that the undertaking went for naught, than he would have had before any answer was served. Moreover, under the prayer for further and general relief which that answer contained, we have a right to assume, had any question of this kind been raised in the Municipal Court, as it should have been raised there, if at all, that an amendment would have been ordered as a matter of course. I agree with the learned referee, that to hold otherwise would establish a dangerous precedent in Courts of Justices of the Peace, where pleadings are generally informal, and where amendments are liberally allowed in furtherance of justice, not only in those courts, but by the appellate courts on appeal. (Code of Civ. Pro., §§ 2944, 3063.)

Judgment appealed from reversed and a new trial granted, with costs to abide the event.