(6 Misc. Rep. 473.)

### BARTON v. DONNELLY et al.

(Supreme Court, Special Term, Niagara County. January, 1894.)

1. REPLEVIN—ACTION ON BOND—PLEADING.
   In an action on an undertaking given for the return of a horse that had been replevied, the complaint must show that defendant took the proper statutory steps pending the litigation so as to entitle him to a return of the property.

2. SAME—VALIDITY OF UNDERTAKING—FAILURE OF SURETY TO JUSTIFY.
   The sureties on an undertaking given for the return of property in a replevin suit are not relieved from liability by the mere fact that they failed to justify.

Action against the sureties on an undertaking given for the return of a horse which had been replevied. Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Sustained.

Joshua Gaskill, for plaintiff.

S. E. Graves, for defendants.

WARD, J. This is an action against the sureties on an undertaking given by the defendants for the return of a horse which had been replevied by the plaintiff in an action in a justice's court in Niagara county, before Edward G. Parker, justice, wherein Esther C. Townshend was plaintiff and John Duffy defendant. The defendants herein demur to the complaint, and allege, as grounds

of demurrer, that the complaint does not state facts sufficient to constitute a cause of action. The complaint avers the commence-ment of the action in justice's court for the recovery of the horse on or about the 26th day of April, 1889; "that the plaintiff therein gave the usual undertaking in that behalf;" that afterwards, and on or about the 2d day of May, 1889, the said Duffy gave an under-taking for the return of said chattel, executed by the defendants herein, which was filed by the said justice on the 2d day of May, 1889; that a copy of said undertaking, so executed by the defend-ants in the action in justice's court, was thereto annexed, and marked "Exhibit A," and made a part of this complaint; "that such proceedings were had in said action in said justice's court that on the 18th day of June, 1889, the said justice of the peace rendered judgment in favor of the defendant against the plaintiff for ten dollars costs; that thereupon, and on or about the 6th day of June, 1889, the said Esther C. Townshend appealed from the said judg-ment against her in favor of said Duffy to the county court of Niag-ara county, and such proceedings were had thereupon on said ap-peal that on the 19th day of November, 1889, said judgment so ren-dered * * * was reversed by said county court, with thirty dollars costs, and twenty dollars and thirty-three cents disburse-ments." The complaint then alleges the judgment of reversal, and the filing of the judgment roll and the docketing of the judg-ment in Niagara county clerk's office on the 20th of November, 1889, the issuing of an execution thereon to the sheriff of the said county, its return unsatisfied, and the assignment thereof, before the commencement of this action, to the plaintiff herein, and de-manded judgment for the amount of such county court judgment. The copy undertaking ("A") was entitled in the justice's court ac-tion, and recited that the defendant required the return of the chattel (the horse) "replevied by the plaintiff in the above-entitled action," and stated its value to be $150, and provided that the sure-ties (the defendants herein) "are, pursuant to the statute, jointly and severally held and firmly bound in the sum of three hundred dollars for the delivery of said chattel so required to the said plain-tiff, if delivery thereof is adjudged, and for the payment to the said plaintiff of any sum which the judgment awards against the said defendant." The defendants acknowledged the undertaking, but neither of them justified. There is no affidavit or notice re-quiring the return of the chattel accompanying the undertaking, as required by section 2925 of the Code, nor is there any allowance of the undertaking made by the justice, nor are any of these facts alleged in the complaint. The justice simply indorsed on the un-dertaking: "Received with the affidavit and notice this 2d day of May, 1889. Edward G. Parker, Justice."

The defendants are sureties on this undertaking, the condition of which is the measure of their liability. The purpose of giving this instrument is to indemnify the plaintiff in case the defendant takes the chattel pending the litigation, and fails to have it forth-coming when required to satisfy the judgment, and for the pay-

ment to the plaintiff of any sum which the judgment awards against the defendant. The Code of Civil Procedure (section 2925) provides that the defendant may, at any time before the return day of the summons, if he does not except to the plaintiff's sureties, serve upon the justice a notice that he requires a return of the chattel replevied.. With the notice he must deliver to the justice an affidavit requiring a return of the chattel, as provided by sections 1704 and 1712 of the Code: "* * * The sureties in the undertaking must justify before the justice upon the return of the summons." The affidavit, by section 1704, must allege the ownership of the chattel in the defendant, or that he is lawfully entitled to the possession thereof by virtue of a special property therein, the facts with respect to which must be set forth. The undertaking therein provided shall be in form the same as the one before us. Section 2926 provides for the justification of the sureties of the defendant and the allowance of the same. The scheme of the statute is that the defendant shall procure such allowance by the justice on the return of the summons. By section 2927 the defendant must require a return of the chattel, and procure the allowance of the undertaking, or he is not entitled to the possession of the chattel pending the action. By section 1726, (which, with section 1730, is made applicable, by section 2931, to proceedings in justice's court,) if the chattel is delivered to the defendant, and the plaintiff recovers in the action, its value must be fixed at the time of the trial. By section 1730 the plaintiff must have judgment for the recovery of the chattel, with his damages, if any; and if the chattel, after it was replevied, was delivered to the defendant, "the final judgment must also award to the plaintiff the sum fixed as the value thereof, to be paid by the defendant, if possession thereof was not delivered to the plaintiff." And we assume that there will be included in this judgment the costs of the action. This is the judgment to which the undertaking refers, —the judgment for the recovery of the chattel itself, or, in the event of its nonproduction, its value. The defendant is not entitled to the return of this property unless he takes the proper statutory steps pending the litigation, none of which is alleged in the complaint except the giving of this defective undertaking and its filing with the justice. In order to make these sureties liable upon their undertaking, the chattel must be delivered to the defendant. The complaint should have alleged that, upon taking the proper statutory proceedings in the justice's action, the chattel was delivered to the defendant. This is not alleged except in the recital contained in the undertaking. Possibly this may bind the defendants, as the complaint makes the undertaking a part thereof. The complaint should have further alleged the taking of the necessary statutory steps by the defendant in the justice's action to procure a return of the property and the delivery of the chattel in pursuance thereof, or at least that the delivery of the chattel was procured by means of the undertaking. As has been seen, there is an entire failure in this respect. The mere failure to justify the

undertaking by the sureties, however, if all other proceedings were regular, and the property secured by means of the undertaking, would not excuse the sureties.    Decker v. Anderson, 39 Barb. 346. The bare statement of the justice on the back of the undertaking that he received the affidavit and notice with the undertaking is not an allegation that a sufficient notice or affidavit was received in connection with the undertaking, and does not aid the plaintiff, nor does it amount to an allowance by the justice of the undertaking.    The complaint has other defects.    It does not set forth the proceedings to procure the judgment of reversal in the county court, further than the bare allegation that an appeal was taken and a judgment rendered, nor does it state in any manner that the county court had jurisdiction to render the judgment, or that the judgment was "duly given or made."    It does state that on the 18th of June, 1889, the judgment was rendered in the justice's court, and that the appeal was taken therefrom on the 6th day of June, 1889,—12 days earlier.    But, passing over these defects, it is entirely apparent that the complaint is fatally defective in the respects otherwise indicated.    It is therefore unnecessary to consider the question (to some extent argued by counsel) whether, if the complaint were not subject to the objections above stated, the plaintiff could, in any event, recover in this action.    These conclusions lead to the sustaining of this demurrer, which is ordered, with costs; but the plaintiff may have leave to serve an amended complaint in this action within 20 days after the service of the proper order upon him and the payment of such costs.    Ordered accordingly.