ant failed to except to any of the propositions that were submitted to the jury under the charge, and must therefore be deemed to have fully acquiesced therein. The jury having determined the facts in favor of the plaintiff, there is nothing before us for review.

The judgment and order appealed from must be affirmed, with costs. All concur.

## McCOBB v. CHRISTIANSON.[1]

(City Court of New York, General Term.  March 29, 1899.)

REPLEVIN—DEMAND FOR RETURN—ANSWER.

> Code Civ. Proc. § 1725, providing that, in replevin, defendant shall serve on plaintiff's attorney a notice of a demand for judgment for the return of the chattel, and on the trial a copy of the notice shall be furnished the court, is permissive, and not mandatory; and, where the answer contains a demand, it is sufficient.

Appeal from special term, New York county.

Action by Ada McCobb against Simon Christianson. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before McCARTHY and SCHUCHMAN, JJ.

Franklin Bien, for appellant.

Harris & Goldfarb, for respondent.

McCARTHY, J. After a careful examination, I am of the opinion that section 1725 of the Code of Civil Procedure is clearly permissive, and not mandatory, and that where, as claimed and conceded in this case, the answer contained a demand for the return of the chattel taken by the plaintiff under a writ of replevin, it was not necessary to serve notice, mentioned in section 1725, in order to obtain a return of the chattel. This was intended for one who had failed to demand the return of the chattel in his answer. There can be no reason for a demand for the return of the chattel in the answer, which is part of the pleading, and again in a separate notice. All the court requires to know is that a return of the chattel is demanded. Besides, the plaintiff is clearly guilty of laches, in that it appears that judgment by default was rendered on June 9, 1894, and the motion to vacate and set aside the judgment taken by default was not made until June 4, 1896. I fully concur with VAN WYCK, C. J.

Order affirmed, with costs.

SCHUCHMAN, J., concurs.

[1] Affirmed on appeal. See 59 N. Y. Supp. 303.