(64 App. Div. 579.)

PETTIT v. ALLEN et al.

(Supreme Court, Appellate Division, Fourth Department. September Term, 1901.)

1. REPLEVIN—ACTION ON BOND—PROOF OF POSSESSION.

   In an action on a replevin bond, an admission at the trial that the replevin suit was discontinued "before the delivery of the chattel to this plaintiff," and that defendant still retains possession of the chattel, is not sufficient proof that the specific chattel in action was taken "or retained by virtue of the replevin writ" to entitle plaintiff to recover.

2. SAME—MEASURE OF DAMAGES.

   In an action on a replevin bond, conditioned to return the chattel if possession is adjudged to the defendant or the action is discontinued, the measure of damages for failure to return the property after discontinuance is the value of the property, and not the penalty of the bond.

Appeal from Allegany county court.

Action by Claude Pettit, by guardian, against Otis Allen and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

M. B. Jewell, for appellants.
F. M. Todd, for respondent.

ADAMS, P. J. This action, which originated in a justice's court, was brought to recover damages for the breach of the condition of an undertaking executed by the defendants, as sureties for one Marcia S. Pettit, who was the plaintiff in a replevin action brought by her in a justice's court against the plaintiff in the present action. This undertaking was given pursuant to the provisions of sections 2920 and 1699 of the Code of Civil Procedure, which require that the condition thereof shall be to the effect:

"That the sureties are bound in a specified sum, not less than twice the value of the chattel, as stated in the affidavit, for the prosecution of the action; for the return of the chattel to the defendant, if possession thereof is adjudged to him, or if the action abates, or is discontinued, before the chattel is returned to the defendant; and for the payment to the defendant of any sum, which the judgment awards to him against the plaintiff."

This language is plain and simple, and the full measure of the obligation which it imposes upon the sureties is that the chattel replevied by the plaintiff shall be returned to the defendant in a certain event, and that the plaintiff shall pay any sum which the judgment may award against her.

After issue was joined in the replevin action, the same was discontinued by the plaintiff, as a necessary consequence of which no damages were recovered against her. The defendants' liability, consequently, was limited to a return of the chattel replevied, or the payment of its value. In order to establish such liability, it became necessary to prove that possession of the chattel, which in this case was a horse, had been taken by the plaintiff in virtue of her writ of

replevin. Barton v. Donnelly (Sup.) 27 N. Y. Supp. 525. The record, however, is utterly barren of any such proof. The complaint alleges the fact, it is true, but this allegation is denied by the answer, and the only reference to any possession of the horse by Marcia Pettit is contained in an admission made upon the trial that her action was discontinued "before the delivery of the chattel to this plaintiff," and that she still retains possession of the chattel, but whether by virtue of her replevin writ, or otherwise, or whether the "chattel" referred to was the horse in question, does not appear; and in an action against sureties it will not answer to permit a recovery upon such an admission as this, which is really without any probative force. The undertaking in suit, it is to be remembered, was given by the plaintiff as a condition to her right to take the property, and consequently it contains no such recital of possession as would have been necessary had it been given by the defendant, for the return of the property after it had been taken from him. The case, therefore, does not fall within the rule asserted in Martin v. Gilbert, 119 N. Y. 298, 23 N. E. 813, 24 N. E. 460, 16 Am. St. Rep. 823, where it was held that the undertaking itself furnished sufficient evidence of possession. But, even were there any doubt as to the correctness of this proposition, the judgment must be reversed for an error committed by the justice in the rejection of evidence.

Upon the trial in justice's court, it was assumed by both the plaintiff and the justice that the measure of the plaintiff's damages was the penalty of the bond; and when the defendants offered to prove that the horse was worth no more than $75, their offer was rejected. This ruling was clearly erroneous, for in the event that the replevied chattel is not returned, the extent of the liability of the sureties upon an undertaking therefor is the value of the property replevied. Brewster v. Silliman, 38 N. Y. 423; Weber v. Manne, 42 Hun, 557, reversed on another point, 105 N. Y. 627. See, also, Id., 22 Abb. N. C. 153.

For the reasons above stated, the judgment of the county court and of the justice's court must be reversed, with costs. All concur.