## ROGERS v. UNITED STATES FIDELITY & GUARANTEE CO.

### (Supreme Court, Appellate Term.   June 22, 1903.)

1. REPLEVIN—UNDERTAKING—LIABILITY OF SURETY.
   Where, in replevin, plaintiff gives an undertaking for a return to defendant of the property if the action is discontinued before the property is returned, and, retaining the property, fails to appear at the trial, whereupon the justice indorses the summons, "Judgment for defendant," but no judgment is entered adjudging defendant entitled to a return of the property, or for its value in case of no return, the action is discontinued, and the surety is bound on the undertaking, though defendant did not obtain the judgment to which he was entitled.

2. SAME—DEFENSES.
   Municipal Court Act, Laws 1902, p. 1531, c. 580, § 126, and Code Civ. Proc. § 1733, providing that, when a final judgment has been rendered, no action can be instituted on the undertaking until after the return of an execution, does not aid the surety in the action on the undertaking, where no judgment at all was rendered.

3. SAME—WITNESSES—REFRESHING MEMORY.
   In an action on an undertaking in replevin, a witness may refresh his memory by reference to a memorandum containing a list made by him of the goods, and then state from memory what was taken.

4. SAME—TESTIMONY AS TO VALUE.
   Where a witness qualified to testify as to value has stated that the cost price of goods as calculated by him was the fair value of the goods, defendant cannot complain that he was allowed to give the cost of the goods in several instances, when by his objection he subsequently excluded the testimony as to market value.
   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Rogers against the United States Fidelity & Guarantee Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Herman A. Schapp, for appellant.

Gustavus A. Rogers, for respondent.

FREEDMAN, P. J. There is no material dispute as to the facts in this case. In October, 1901, one Hawkhurst caused a summons and requisition in an action in replevin to be issued out of the Municipal Court against the firm of Berrent & Movoswirtz. The plaintiff in that action gave an undertaking executed by the defendant in this action in the usual form, conditioned, first, for the prosecution of the action; second, for a return to the defendant of the said property, or so much thereof as shall be taken by virtue of said requisition thereupon indorsed, if a return thereof shall be adjudged; third, for a return to the defendant of the said property if this action abates or is discontinued before the said property is returned to the defendant. The marshal, by virtue of the requisition, took possession of the chattels owned by the defendants in the replevin action. Issue was joined, and the defendants in their answer demanded a return of. the chattels. After several adjournments, on November 25, 1901, the cause was marked "Ready," and when called for trial the plaintiff failed to appear. It appears that the justice marked on the summons, "Judgment for defendant"; but this was not signed, and no judgment was ever entered in favor of the defendants in that action, either for costs, or adjudging them entitled to a return of the property taken, or for its value in case a return could not be had. The subsequent motions made in the case need not be considered, as they had no effect upon the final situation.

The property replevied never having been returned to the defendants, they assigned their cause of action to Rogers, the present plaintiff, who brought this action against this defendant as surety on the undertaking in the former action. The replevin action was brought prior to the enactment of the Municipal Court Act, and, when the plaintiff in that action defaulted, judgment for the defendants, under section 120, Municipal Court Act (Laws 1902, p. 1529, c. 580), and sections 1726, 1730, Code Civ. Proc., should have been given by the court, awarding the possession of the chattels replevied to them, and fixing their value in case a return could not be had. This was not done, and, as before stated, no judgment whatever was rendered. Clearly, there was an abatement or a discontinuance of the action, and a consequent violation of the conditions of the undertaking. The plaintiff was bound to prosecute the action. He could not use the process of the court to obtain possession of the property of the defendants, and then, by failure to appear, discharge the liability of his surety and retain the property, for we must assume that the marshal did his duty, and, upon failure of the defendants in the replevin action to file an undertaking for a return of the property, delivered it to the plaintiff, as required by section 111, Municipal Court Act (Laws 1902, p. 1526, c. 580), and section 1706, Code Civ. Proc.

The fact that the defendants in the replevin action did not obtain the judgment which they might have been entitled to does not aid the plaintiff therein, nor relieve his surety from liability. The liability of the surety in such a case is limited to a return of the property replevied, or the payment of its value. Pettit v. Allen, 64 App. Div. 579, 72 N. Y. Supp. 287.

Neither does section 126, Municipal Court Act (Laws 1902, p. 1531, c. 580), nor section 1733, Code Civ. Proc., aid the defendant herein. That section provides that, when a "final judgment" has been rendered, no action can be instituted on the undertaking until after the return, wholly or partly satisfied, of an execution, etc. A final judgment is one which determines the rights of the parties. Morris v. Morange, 38 N. Y. 172. As we have seen, there was no judgment at all rendered in the case at bar.

The objection that the witness Berrent, who was one of the defendants in the replevin suit, was allowed to look at memoranda for the purpose of refreshing his recollection as to the quality, price, and amount of the goods, is without merit. The witness produced a book which he said contained a list made by the witness of the goods taken by the marshal in the replevin action, and, after he had examined it, he was asked, "Now state from memory what was taken?" and, over the objection of defendant's counsel, was allowed to do so. No rule is better settled than that a witness may be permitted to refresh his recollection by the use of a written instrument, if after such examination he is able to state from memory the facts that existed. He stated that the marshal seized and carried away 52 overcoats. He also testified that he had been in the business of manufacturing of clothing for over six years last past; had frequently bought cloths and overcoatings in the open market; had manufactured and sold it at wholesale and retail; was familiar with the market price of overcoats, and with their manufacture, with the prices of the cloth, and the materials that it takes to make up the overcoats in question; that he had been buying this class of goods in the open market for the last six years. None of this testimony was objected to. He then, without objection, testified to the value of 12 overcoats taken as being $4.50 each; as to 17 at $9.50; 3 at $8.50 to $10. At this point the defendant's counsel stated:

"The witness has testified that he has a memorandum which shows the quality of the goods. If there is some other memorandum, I would prefer that it be used. Just some other memorandum showing the quality of the goods."

The witness then produced a book, and stated the several lot numbers of the goods, and stated that in that book he had calculated the cost price of the goods, and that the prices he had calculated upon were the fair and reasonable market value of the goods; and no objection to this statement was made. Subsequently, as the witness was asked by his counsel to state the fair and reasonable value of a certain lot, he said he could not tell without referring to his book, but that he would tell such value after examining the book. The defendant's counsel then objected to the witness examining the book, as the

book only contained the cost of the goods; and, when the witness. was again asked the fair and market value of the goods, defendant's counsel objected, and was sustained. He was then allowed, under objection by the defendant, to state the cost of the several lots of overcoats taken from his firm. Again, after the witness had testified to the cost of each of the several lots, the witness was asked:

"All of these values that you have testified to—is that the fair and reasonable market value of each of these overcoats, and was it such at the time it was taken? Ans. Yes."

The defendant's counsel then objected to the question, and the court sustained his objection; but the record does not show that any request was made to have the answer stricken from the record, nor was it ordered stricken out by the court. We think, under these circumstances, the defendant is in no position to claim that there is nothing to show the value of the goods but the cost price, and that the cost of an article is not competent proof of its value. It may be doubted whether the mere cost price of an article, standing alone, and not supplemented with other proof, is to be taken as competent and sufficient evidence upon which to base a money judgment. In the authorities cited by the respondent herein there were reasons why the cost price alone was allowed to stand. For instance, in Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6, there was no motion made for a nonsuit, or exception taken presenting that question, and it was held that the question could not be raised upon appeal. In Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046, 5 L. R. A. 137, 11 Am. St. Rep. 691, the expert not only gave the cost, but also the value. See, also, Welling v. Mfg. Co., 15 App. Div. 118, 44 N. Y. Supp. 374; Bini v. Smith, 36 App. Div. 463, 55 N. Y. Supp. 842. In the case at bar the witness upon whose testimony it is apparent the jury based their verdict, as the amount of their verdict was for the 52 overcoats at the value fixed by Berrent, was clearly qualified as one competent to testify as to value, and in fact had stated that the cost price, as calculated by him, was the fair value of the goods taken; and the defendants cannot now complain that he was allowed in several instances to give the cost of the articles, when by his objection he subsequently excluded his testimony. as to market value. The judgment should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). In this action against a surety upon its undertaking given in a replevin action for the prosecution of the same, or for the return of the property if it be so adjudged, or for its return if the action abates or is discontinued before the return of the property, it appears that the plaintiff therein defaulted when the case was called; that there was an unsigned indorsement on the summons of "Judgment for defendant," but no entry thereof seems to have been made. In view of sections 755 and 1736 of the Code of

Civil Procedure, a violation of any of the conditions of the undertaking, entitling an action thereon, does not appear to be fully consummated.