FREEMAN v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term. March 24, 1904.)

1. REPLEVIN—ACTION ON BOND—DEFENSE.
    In an action on a replevin bond, the replevin action having been dismissed, it is a defense that defendant in replevin, by answer therein, denied that he had possession of the chattels, or had refused to deliver them to plaintiff, and did not by his answer, or by notice under Code Civ. Proc. § 1725, demand return of the chattels.

2. SAME—PARTIAL DEFENSE—MITIGATION OF DAMAGES.

In an action on a replevin bond for breach of the condition for return of the property if the replevin action be discontinued, the fact that plaintiff in replevin was at the time of the replevin and ever afterwards the owner and entitled to the immediate possession of the property is not a defense in bar, but is available only in mitigation of damages, and so, by the express provision of Code Civ. Proc. § 508, should be expressly pleaded as a partial defense.

Appeal from City Court of New York, Special Term.

Action by Walter K. Freeman against the United States Fidelity & Guaranty Company. From a judgment sustaining a demurrer to three separate defenses in the answer, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Niles & Johnson (William W. Niles and John J. Cunneen, of counsel), for appellant.

Nichols, Joseph & Cahn (Geo. Edwin Joseph, of counsel), for respondent.

FREEDMAN, P. J. This action was brought against the defendant as surety on a replevin bond given by the Commonwealth Roofing Company in an action of replevin brought by it against the present plaintiff, who, after the property had been taken under the requisition in replevin, interposed an answer. More than a month after issue had been joined, the court, on application of the Commonwealth Roofing Company, granted an order discontinuing the action on payment of costs. He then commenced this action against the present defendant as surety on the replevin bond, on account of the nonreturn of the replevied chattels.

The defendant, by its answer, sets forth as a first affirmative defense:

"That in the action of replevin brought by the Commonwealth Roofing Company against this plaintiff, in which action the bond described in paragraph 3 of the complaint was given, the plaintiff herein by his answer on oath denied that he had possession of the chattels in said action sought to be replevied, and denied that he had refused to deliver said chattels on demand of said Commonwealth Roofing Company, and in said answer this plaintiff did not ask judgment for the return of the said chattels, though said chattels had been previously thereto replevied by the said Commonwealth Roofing Company, and the plaintiff herein has never demanded the return of said chattels from said Commonwealth Roofing Company or from this defendant."

To this defense the plaintiff demurred on the ground that it is insufficient, in law, on the face thereof, and the demurrer was sustained. The plaintiff seeks to sustain this ruling by citing Rogers v. U. S. Fidelity & Guarantee Co. (Sup.) 84 N. Y. Supp. 203, Pettit v. Allen, 64 App. Div. 579, 72 N. Y. Supp. 287, and a number of others, which have been examined, and found so inapplicable that a reference to them would serve no useful purpose. The two cases to which I have referred, it is true, hold that the liability of the surety upon an undertaking in replevin may be enforced notwithstanding the discontinuance of the action; but it is equally true, as was held in Bown v. Weppner, 62 Hun, 579, 17 N. Y. Supp. 193, that no liability on the part of the surety for the nonreturn of the chattels replevied exists unless such return was demanded by the defendant in the action. In

Rogers v. U. S. Fidelity & Guarantee Co., supra, the defendants, in their answer, demanded the return of the chattels. In Pettit v. Allen, supra, the point, if it existed, was not raised, nor was it discussed. If not made by answer, the demand must be made as pointed out in section 1725 of the Code.

Even if a replevin case is tried and decided on the merits, a judgment in favor of the defendant does not necessarily have the effect of adjudicating the title in him, and awarding to him the return of the property, for he may succeed simply upon the plea that he did not take or detain the property. So a judgment in defendant's favor for a return of the property does not necessarily determine that he owns it, for he may have a special property in it, the plaintiff being the general owner; and in such a case the alternative judgment would not be for the value of the property, but simply for the value of his interest. Yates v. Fassett, 5 Denio, 21; Brady v. Beadleston, 62 Hun, 548, 17 N. Y. Supp. 42; Angel v. Hollister, 38 N. Y. 378; Weaver v. Darby, 42 Barb. 411; Rhoads v. Woods, 41 Barb. 471; 24 Am. & Eng. Ency. of Law (2d Ed.) p. 537, and cases there cited. In the case at bar the discontinuance of the replevin suit can have no greater effect. No title was adjudicated upon, and no judgment for a return given; and the defendant had pleaded that he did not take or detain the property, and had not in any manner demanded a return of the property. While, therefore, the property having been found in defendant's possession and taken from him, he was presumptively the owner, and would not be required, in the first instance, to show title, such presumption may be rebutted by proof. This is precisely what the present defendant, by its answer, proposes to do. The doctrine of Yates v. Fassett, 5 Denio, 21, that where one who was sued in replevin in the detinet, and pleaded non detinet, and had a verdict in his favor, with judgment for costs, but not for a return, afterwards brought trover for the property against the former plaintiff, such action was maintainable, though he might have so pleaded in the first suit as to have entitled himself to a return, or to the value of the property in damages, which doctrine was followed in Angel v. Hollister, 38 N. Y. 378, and in Brady v. Beadleston, 62 Hun, 548, 17 N. Y. Supp. 42, has no application to the present controversy.

For the reasons stated, and especially in view of the decision of Bown v. Weppner, 62 Hun, 579, 17 N. Y. Supp. 193, the demurrer of the plaintiff to the first affirmative defense should have been overruled.

The second affirmative defense differs from the first, in that it does not set forth this plaintiff's denial that he was in possession of the chattels at the time they were replevied, and that it does not contain the allegation that plaintiff denied that he refused to deliver the chattels to the Commonwealth Roofing Company. It sets forth, however, that the plaintiff in this action never in any manner demanded the return, or judgment for the return, of the chattels alleged in the complaint to have been replevied by the Commonwealth Roofing Company, and also that he, in the action brought by said company, never served any notice in which he made a demand for a judgment for a return of the said chattels or their value. That the defendant in a replevin

suit, if he wishes to have the replevied chattels returned to him without having given a counter undertaking and reclaimed the chattels as provided by section 1704 of the Code, must either demand the return of his answer, as decided in Bown v. Weppner, 62 Hun, 579, 17 N. Y. Supp. 193, or by notice under section 1725 of the Code, is specifically required by the Code (sections 1725 to 1730). See, also, Mc-Cobb v. Christiansen, 27 Misc. Rep. 825, 59 N. Y. Supp. 187, affirmed in 28 Misc. Rep. 119, 59 N. Y. Supp. 303. For the reasons above assigned for the sufficiency of the first affirmative defense, the second defense must also be sustained.

The third defense is to the effect that the Commonwealth Roofing Company at the time of the replevy and ever since has been the owner of the chattels, and entitled to the immediate possession thereof, and that the plaintiff at the time of the replevy had no property or ownership in them, and never since has had. This defense, when considered as a separate and distinct defense, as it was pleaded, is not a defense in bar of the action, but is available only, if properly pleaded, as a partial defense in mitigation of damages. The claim of the plaintiff rests upon that part of the undertaking which provided for a return of the property if the action should abate or be discontinued, and, the action having been discontinued and no return made, the failure to make a return was a breach of the undertaking; but proof that the title to the property and the right to its immediate possession was, after all, in the defendant in this action, would prevent a recovery by the present plaintiff for more than nominal damages. 24 Am. & Eng. Ency. of Law (2d Ed.) p. 538, and cases there cited; Sutherland on Damages, § 507; Ernest Bros. v. Hogue, 86 Ala. 502, 5 South. 738; Tuck v. Moses, 58 Me. 462. But in order to be available for such purpose, the third defense should not have been pleaded as a defense in bar, but should have been pleaded as a partial defense, as required by section 508 of the Code. Not having been so pleaded, the demurrer to it on the technical ground of its insufficiency in law as a defense in bar must be sustained.

The judgment appealed from should be reversed, with costs, as to the first and second defense, and, as to them, judgment should be ordered for the defendant upon the demurrer, with costs, with leave to plaintiff to withdraw the demurrer upon payment of such costs. As to the third defense, the judgment should be affirmed, with costs, with leave to defendant, if so advised, upon payment of such costs, to amend the answer by setting forth the said defense as a partial defense. The said costs as to the third defense should be set off against the costs awarded as to the first and second defenses. All concur.