BOHAN S. SHEPARD

*v.*

PHILANDER BUTTERFIELD *et al.*

1. EVIDENCE — *in suit on replevin bond — admissibility.* Where, upon a nonsuit being entered in an action of replevin, the court ordered a return of the property and assessed damages for its detention, evidence of such assessment cannot be given in a subsequent action on the replevin bond. The bond does not require the payment of such an assessment.

2. While, under the general breach assigned upon the bond, evidence of damages suffered by the detention prior to the order of *retorno habendo,* would be admissible, yet it must be evidence of what the damages in fact were, without any reference to the former assessment.

3. The plaintiff in the action on the bond is at liberty to go into the question of damages for the detention, but he is not obliged to do so. He may abide by the first assessment, and take a verdict in the pending suit merely for the value of the property.

4. ACTION ON REPLEVIN BOND — *effect of recovery of damages for detention on the former assessment.* If the plaintiff in the action on the bond does in fact offer evidence upon the damages for the detention of the property, the verdict and judgment in that case, when paid, will be a bar to the collection of damages under the former assessment.

5. EVIDENCE *to show what was litigated in another suit — when admissible.* If the record in the suit on the bond shows that a recovery was had for

damages, the record cannot be controverted, and a pleading in another action which alleges to the contrary is bad on demurrer.

6.  But it not appearing by the record whether the question of damages for the detention was litigated in that case, or whether the recovery was only for the value of the property, the parties can show in a subsequent suit, by parol evidence, what causes of action were in fact litigated.

7.  EXECUTION — *on a judgment for damages in an action of replevin.* An execution can issue on an assessment of damages upon the dismissal of an action of replevin.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. F. H. KALES, for the appellant.

Mr. OBADIAH JACKSON, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Shepard replevied a canal-boat from Butterfield and Adams, and, suffering nonsuit, the court ordered a return of the property, and assessed $800 damages for its detention. Subsequently, Butterfield and Adams brought suit in the name of the sheriff, on the replevin bond, and recovered a judgment for $1,200 damages, which was paid. Execution was not taken out within the year on the judgment for $800, and a *sci. fa.* is now brought to revive it. The defendant, in his third plea, sets up the suit on the replevin bond, and avers, that, in the declaration in that suit, the plaintiffs, for breach of the condition of the bond, alleged " that said Shepard had not prosecuted his said replevin suit to effect, but had suffered a nonsuit therein, and that said Shepard had not at any time paid to said Butterfield, or to said Adams, the said sum of $800, or any part thereof so as aforesaid adjudged to them by the court. The plea further alleges that the plaintiff in the suit on the bond, recovered the said sum of $800, assessed as damages in the replevin suit. The plaintiffs replied, thirdly, to this plea, that, on the trial of the suit on the replevin bond, all evidence

touching the $800 was excluded by the court; and, fourthly, that the $800 mentioned in the *sci. fa.* was not in fact recovered in the suit on the bond. These replications, on demurrer, were held good.

It is objected by the appellant, to these replications, that they seek to contradict the record by parol evidence. It is urged that the declaration, in the action on the replevin bond, shows the damages for the detention to have been litigated in that suit. This, however, is a misconception. This question may have been litigated, but this fact does not appear from the record. The averment in the declaration that Shepard had not paid the said assessment of $800, showed no breach of the bond, and was mere unmeaning surplusage. The bond did not require the payment of such assessment, nor could any evidence in regard to it have been admitted on the trial, without violating the plainest principles of law. The security on the bond was no party to that assessment. As against him it was wholly inoperative. While, under the general breach assigned upon the bond, evidence of damages suffered by the detention prior to the order of *retorno habendo*, would have been admissible, yet it must have been evidence of what the damages in fact were, without any reference to the former assessment. But while the plaintiff was at liberty to go into that question, he was not obliged to do so. He was at liberty to abide by the first assessment, and take a verdict in the pending suit merely for the value of the property. If he did in fact offer evidence upon the damages, the verdict and judgment in that case, when paid, would undoubtedly be a bar to this *scire facias*.

The defendant in his plea avers that the plaintiff did recover in that suit the said sum of $800, and this averment is traversed by the replications. If it appeared by the record that such recovery was had, we should hold, as insisted by the defendant, that the record could not be controverted. But it does not so appear. As already stated, the averment in the declaration, that the $800 had not been paid, did not show a

breach of the bond sued upon, nor was such averment in any way material.

Whether the question of damages for the detention was litigated in that case, or whether the recovery was only for the value of the canal-boat, is a question of fact not settled by the record.    It is like a declaration in assumpsit with only the common counts.  In such cases, the parties can show, in a subsequent suit, by parol evidence, what causes of action were in fact litigated.    *Phillips* v. *Burch*, 16 Johns. 139 ; *Standish* v. *Parker*, 2 Pick. 20, and note ; *Parker* v. *Thompson*, 3 id. 429.    As already stated, in the suit on the replevin bond, the assessment of $800 would not have been competent evidence. The only proper evidence was the value of the boat, and the actual damages for the detention, independently of what the damages had been assessed at, in dismissing the replevin.  But the plaintiff was not obliged to go into the question of damages.    He had the right to proceed for the value of the boat, and, as to the damages, abide by the former assessment. Whether the damages were then litigated, is open to proof. The case of *Van Vechten* v. *Troy*, 2 Johns. 228, is directly in point.    That was an action of trespass for injury to two horses, the trespass upon one of them having been committed on one day, and that upon the other on another day.    On the trial, the court compelled the plaintiff to elect for which trespass he would proceed.    He did so, and recovered a verdict for the value of one horse.    His executors afterward brought a suit for the trespass to the other horse.    The defendant pleaded the former recovery, and the plaintiff replied the above facts.    The defendant demurred to the replication, as in the case at bar. The court, KENT, Ch. J., held the replication in substance good, and say, " a recovery in a former action, apparently for the same cause, is only *prima facie* evidence that the subsequent demand has been tried, but is not conclusive."    See also *Seddon* v. *Talpot*, 6 Term, 607, and numerous other cases cited in the note to the case in 2 Pick. *ubi supra*.    So in this case.    The plaintiff could not legally have given the assessment in evidence in the suit on the bond.    He might have

offered other evidence as to the damages, but the question of damages was not necessarily, and at most only apparently, involved in that suit. That record is only *prima facie* evidence, and the replications to the plea are good.

It is also urged that an execution cannot issue on an assessment for damages upon the dismissal of the replevin. The statute authorizes a judgment upon the assessment, and the execution follows as a necessary incident. To make an assessment, and give no means of collecting it, would be but an idle ceremony, not contemplated by the statute.

*Judgment affirmed.*