## SOPRIS *v.* LILLY et al.

PLEADING — *declaration on replevin bond.* In actions on penal bonds in which, under the statute, the plaintiff assigns several breaches of the conditions of the bond in a single count of the declaration, the several assignments in connection with the body of the count are regarded as constituting separate and distinct counts of the declaration.

PLEA TO WHOLE DECLARATION — *must answer all allegations therein.* In an action upon a penal bond, a plea which goes to the whole declaration must be sufficient as to all breaches of the conditions of the bond which are well assigned therein.

In an action on a replevin bond it was alleged that the principal in the bond failed to prosecute the replevin suit with effect and to return the property replevied according to the conditions of the bond. The defendants pleaded that the property was in fact returned and the costs of the replevin suit paid. The plea was bad, for the reason that it did not answer the breach assigned upon failure to prosecute the replevin suit.

DAMAGES *for detention of property.* In an action on a replevin bond, in which it is assigned for breach of the condition of the bond that the principal did not prosecute the replevin suit with effect, damages for the detention of the property replevied may be recovered.

*Error to Probate Court, Arapahoe County.*

Mr. ALFRED SAYRE, for plaintiff in error.

Mr. L. B. FRANCE, for defendants in error.

HALLETT, C. J. The declaration in this case is upon a replevin bond, the conditions of which are alleged to have

been violated by the failure of defendant Lilley to prosecute the replevin suit with effect, and to return the property replevied, in obedience to the judgment of the court in that suit. In a plea which goes to the whole declaration the defendants set up, that the property was in fact returned, and the costs of the replevin suit paid, but nothing is said as to the failure to prosecute the replevin suit with effect. In actions upon penal bonds, in which, under the statute, the plaintiff assigns several breaches of the conditions of the bond in a single count of the declaration, the several assignments in connection with the body of the count are regarded as constituting separate and distinct counts of the declaration, and we are authorized to say, that there are as many counts in the declaration as there are breaches of the conditions of the bond. *Hibbard* v. *McKindly*, 28 Ill. 253. If to such a declaration the defendant wishes to plead to the count taken in connection with any of the assignments separately from the others, there can be no objection to his doing so, but in such case he must limit his plea to the breach which he proposes to answer. It has always been held, that a plea which professes to answer the whole declaration must be sufficient as to each and every count in the declaration, and this rule, applied to cases of this kind, shows that a plea which goes to the whole declaration must be sufficient as to all breaches of the conditions of the bond, which are well assigned in the declaration.

*Humphrey et al.* v. *Taggart*, 38 Ill. 228. In this case there are two assignments of breaches of the conditions of the bond, and the plea, which professes to answer both of them, contains an answer to but one of them. We are unable to perceive any reason for denying the plaintiff's right to recover for the breach of the bond, in respect to the prosecution of the replevin suit with effect. If it is thought that the plaintiff cannot recover damages for the detention of the property, we regard the case of *Shepard* v. *Butterfield*, 41 Ill. 76, as decisive of the question. If, in the replevin suit, Booth had recovered damages for detention of the property, such recovery would be no evidence of the

amount of such damages in this action under the breaches assigned in this declaration. If any damages for detaining the property had been awarded against Lilly in the replevin suit, perhaps an action to recover them would lie upon that provision of the bond, which provides for the payment of all damages which should be adjudged against him. But we are not concerned with that view of the case at present, and indeed we have now only to say, that the plea does not meet the whole declaration, and therefore the demurrer ought to have been sustained. The judgment of the probate court is reversed with costs, and the cause is remanded.

*Reversed.*