[Sac. No. 2632.   In Bank.—August 19, 1919.]

## JOE N. NAHHAS et al., Appellants, v. J. W. BROWNING . et al., Respondents.

[1] CLAIM AND DELIVERY—ACTION ON BOND—MEASURE OF DAMAGES— DISMISSAL OF REPLEVIN ACTION.—The dismissal of an action in replevin cannot deprive the plaintiffs in an action on the replevin bond of the right to recover such damages as they could have recovered under section 667 of the Code of Civil Procedure had the replevin action been prosecuted to judgment, and the action of the trial court in proceeding upon the theory that the cause of action was to be viewed solely as one for wrongful conversion and eliminating damage for the loss of use of the property was erroneous.

[2] ID.—COMPENSATION FOR WITHHOLDING OF PERSONAL PROPERTY— INTEREST — GREATER DAMAGES — WHEN RECOVERABLE. — While ordinarily loss of use and other injuries resulting from the taking and withholding of personal property may be compensated by allowing the successful party in a replevin suit to recover interest on the value of the property from the time of the taking, there is no good reason for holding that he is confined to interest as damages if he can establish the fact that the value of the use of the property of which he was deprived exceeds the interest.

[3] ID.—DAMAGE FOR TAKING AND WITHHOLDING OF PROPERTY—APPEAL—RECORD—FINDING OF JURY CONCLUSIVE.—In an action on a replevin bond, in the absence of a record showing the evidence, the finding of the jury as to the amount of damage for the taking and withholding of the property is conclusive on the appellate court.

[4] ID.—ALLOWANCE OF INTEREST.—In an action on a replevin bond, where special injury resulting from the taking and withholding of the property is alleged in the complaint, the plaintiffs are entitled to recover the sum assessed by the jury as damages for

such injury, together with the value of the property, with interest on the total sum from the date of entry of judgment, but they are not entitled to interest on the value of the property from the date of the taking to the date of the judgment.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Reversed.

The facts are stated in the opinion of the court.

George R. Freeman and Frank L. Hatch for Appellants.

Thomas Rutledge for Respondents.

LENNON, J.—The plaintiffs herein sue on a replevin bond, Browning, the plaintiff in the replevin action, and Balsdon and Morris, his sureties, being joined as defendants. The property replevied consisted of a harvesting outfit. It was destroyed by fire while in the possession of Browning, who thereafter dismissed the replevin suit. The plaintiffs thereupon instituted this action and recovered judgment on a verdict awarding damages in the sum of $3,695. The verdict of the jury was accompanied by answers to certain questions submitted by the court, which indicated that the sum of $3,695 had been arrived at by adding the item of $920, representing the plaintiffs' damage for the loss of the use of the property, to the item of $2,775, representing the value of the property at the time it was replevied.

On the defendants' motion, the court, by an order purporting to be made pursuant to the provisions of section 663 of the Code of Civil Procedure, vacated the judgment on the ground that it was inconsistent with and not supported by the so-called special verdict, and entered judgment for the plaintiffs in the sum of $2,775, with interest from the date of the replevin at seven per cent yearly. The plaintiffs thereupon prosecuted this appeal upon a bill of exceptions containing the pleadings, the verdict, the original judgment and the order appealed from, but which does not set forth or purport to set forth any of the evidence received in the case.

[1] In making the order complained of, the lower court apparently proceeded upon the theory that the plaintiffs' cause of action was to be viewed solely as one for wrongful

conversion, and, pursuant to this theory, it applied the rule of damages prescribed by section 3336 of the Civil Code, and, therefore, eliminated the item of $920 representing the plaintiffs' damage for the loss of the use of the property. In this the court was in error. By dismissing his action in replevin, Browning could not, and did not, deprive the plaintiffs of their right to recover such damages as they could have recovered in that action had it been prosecuted to judgment. (*Mills* v. *Gleason*, 21 Cal. 274, quoted with approval in *Clary* v. *Rolland*, 24 Cal. 147, 152.) It is expressly provided in section 667 of the Code of Civil Procedure that "If the property [involved in a replevin action] has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same." A return of the property could not have been had in the replevin suit here in question. Had that action been carried to judgment, defendants, plaintiffs herein, would, therefore, have been entitled to a judgment for the value of the property, not as damages for its conversion, but as a substitute for and in lieu of the property, and would in addition have been entitled to a judgment for damages for the taking and withholding the property. Such, then, would have been the measure of the damages of the plaintiffs herein had the replevin action proceeded to judgment, and such, therefore, should be the measure of their recovery on the bond. (34 Cyc. 1582–1585; 2 Sedgwick on Damages, 9th ed., pp. 1433, 1434; *Talcott* v. *Rose* (Tex. Civ. App.), 64 S. W. 1009; *Sopris* v. *Lilly*, 1 Colo. 266.)

[2] Ordinarily, loss of use and other injuries resulting from the taking and withholding of personal property may be compensated by allowing the successful party in a replevin suit to recover interest on the value of the property from the time of the taking. There is no good reason, however, for holding that he is confined to interest as damages if he can establish the fact that the value of the use of the property of which he was deprived exceeds the interest. (*Hunt* v. *Thompson*, 19 Wyo. 523, [120 Pac. 181, 122 Pac. 624]; 2 Sedgwick on Damages, 9th ed., p. 1046.) [3] In the absence of a record showing the evidence received in the case, the so-called special finding of the jury is conclusive upon

this appeal that the damage for taking and withholding the property was shown to be $920, an amount in excess of the interest. **[4]** Special injury resulting from the taking and withholding of the property having been duly alleged in the complaint, plaintiffs are entitled to recover the sum of $920 assessed as damages for such injury, together with the value of the property, with interest on the total sum from the date of the entry of the original judgment. They are not, however, entitled to interest on the value of the property from the date of the taking to the date of the judgment. (2 Sedgwick on Damages, 9th ed., p. 1048; *Freeborn* v. *Norcross*, 49 Cal. 313; *Garcia* v. *Gunn*, 119 Cal. 315, [51 Pac. 684].)

The judgment is reversed, with directions to the lower court to enter judgment in accord with the views herein expressed.

Wilbur, J., Lawlor, J., Shaw, J., Olney, J., Angellotti, C. J., and Melvin, J., concurred.