GEORGE H. BATES *vs.* AMERICAN SURETY CO.

DECEMBER 30, 1929.

PRESENT: Stearns, C. J., Rathburn, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This is an action of debt against the surety on a replevin bond. The action is now before this court on defendant's exceptions to the decision of a justice of the Superior Court for the plaintiff for $200. The action was commenced after the opinion was filed in the equity case of *McKittrick v. Bates et al*, 47 R. I. 240.

It appears in the record that plaintiff, as deputy sheriff, attached certain goods as the property of one Schiveley. Thereupon, James J. McKittrick, claiming to be the owner of said goods and entitled to their possession, sued out a writ of replevin from the Superior Court against Mr. Bates and obtained possession of the goods. The writ of replevin was entered in court and, after hearing, plaintiff was adjudged nonsuit on the ground that the court lacked jurisdiction of the subject matter because the value of the replevied goods was less than $500. *Mack Motor Truck Co. v. Dorsey*, 45 R. I. 65.

The alleged breach of the bond was that Mr. McKittrick did not prosecute his writ of replevin to final judgment and failed to return the replevied goods to Mr. Bates. Defendant filed a special plea by way of equitable defense alleging that the title to the replevied goods and the right to their possession was in Mr. McKittrick and that Mr. Bates was unlawfully detaining them when they were taken from his possession.

At the hearing on the chancerization of the bond, the trial justice ruled that the defendant was barred from proving that the title to the goods was in Mr. McKittrick and that the sole question was the value of the goods at the time the replevin action was commenced.

The question raised by the exceptions is the measure of damages on the chancerization of the statutory replevin bond after the replevin action had been dismissed by the court for lack of jurisdiction. The statute provides that in all actions brought for the breach of the condition of a bond the court shall award an execution for so much of the penal sum as shall be due and payable "in equity and good conscience." §§ 5064, 5065, G. L. 1923. In *Tilley v. Cottrell et al*, 21 R. I. 309, this court said that certain facts set up by plea might affect the extent of defendants' liability. The primary purpose of a replevin bond is to secure defendant's right of possession in the replevied chattels, if he has any. *Pierce v. King*, 14 R. I. 611.

Plaintiff contends that defendant is barred from attempting to show that the title to the goods, and the right to their possession, was in Mr. McKittrick at the time of the issuance of the writ of replevin because he had an opportunity to try both questions in the replevin action. This contention cannot be sustained as we have held that said questions cannot be determined by the court when it has no jurisdiction of the subject matter. *Smith v. Fisher, Sheriff*, 13 R. I. 624; *McKittrick v. Bates et al, supra*. This is the first time that Mr. McKittrick has had an opportunity to prove his title and right to the possession of the replevied goods. Mr. Bates is not entitled "in equity and good conscience" to substantial damages for breach of the replevin bond if he was unlawfully withholding possession of the goods from Mr. McKittrick.

The trial justice erred in holding that defendant was barred from proving Mr. McKittrick's title and right to the possession of the replevied goods in mitigation of damages.

Defendant's exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*Pettine, Godfrey and Cambio*, for plaintiff.
*William A. Gunning*, for defendant.