JOHN H. MACOMBER, SHERIFF *vs.* MOOR, FOSTER AND HILLGROVE.

Penobscot.      Opinion February 4, 1930.

*Clinton C. Stevens*, for plaintiff.
*D. E. Hurley*,
*Rider & Simpson*, for defendants.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

BARNES, J. The writ in this case was sued out against the three men named in the title, as individuals and also as a copartnership, of the same name, and otherwise styled, "Moor, Foster & Hillgrove Co."

The action is debt, upon a bond in a replevin suit of earlier date.

The plea was the general issue, not the bond of defendants, with brief statement that the property taken in replevin was at the date of replevin the property of a corporation, the Moor, Foster & Hillgrove corporation, and not the property of the individuals named above, whether as partners or in any other personal capacity, and that plaintiff had not sustained any damage, by reason of any supposed breach of the bond.

On issue joined, and during the process of trial, the defendants submitted to a default and the hearing proceeded for determination by the presiding Justice of the amount of damages, exceptions available to either party to rulings of law. Damages were assessed at one dollar, and exceptions allowed to plaintiff.

Pertinent facts in the case are that, having an execution against one Dorr, the Frank S. Sawyer Company put in the hands of Macomber, Sheriff of Hancock County, this execution with in-

structions to seize on the execution certain piles of wood to satisfy the same.

Seizure was made on January 27, 1928. Members of the corporation, Moor, Foster & Hillgrove, in the assurance that the corporation owned the wood, so by the sheriff seized, instructed an attorney to replevin the same.

A replevin bond was executed to the sheriff, and signed "Moor, Foster & Hillgrove Co.," presumably as principal, with Howard B. Moor, George S. Foster and L. R. Hillgrove, apparently signing as sureties. This bond accompanied a writ, served on the sheriff on February 2, 1928, and the wood disappeared from the confines of Hancock County before the next term of the Supreme Court.

Inspection of the writ showed that the attorney who drafted it had not named as plaintiff therein the corporation, but had declared in the names of the three men who signed the bond as sureties, wherefore at the next ensuing term of court the writ was abated and a writ of restitution issued, with one dollar and costs of suit allowed the sheriff as defendant.

On July 20, 1928, return on the writ of abatement and restitution was made, as satisfied, in the matter of collection of costs, but alleging that after diligent search the goods and chattels mentioned in the writ could not be found.

The date of the writ, upon which trial was had, is September 17, 1928.

At trial the qualified title to the wood in the sheriff who seized it on execution was admitted, but the ownership of Dorr, the execution debtor, in any stick of the several piles was denied.

Defendants, after default, claimed the right to present evidence and offered testimony to prove that at the time of seizure on execution and so long as the wood remained on the skids where seized it was the property of the Moor, Foster & Hillgrove corporation.

The learned Chief Justice, at trial, admitted, over objection, defendants' testimony tending to show the property in the wood to be in the corporation.

After the evidence was in, plaintiff moved to strike out all evidence, "in so far as it bears on the question of title in any one save the defendants in this case." The Court refused to grant the motion, and awarded damages in the sum of one dollar.

To the admission of testimony as above, and to the refusal to strike out evidence the plaintiff excepted.

He also excepted to the Court's finding of damages in the sum of one dollar.

That the sheriff had a partial, or qualified title in the wood which he had seized is not denied. And, on the other hand, it is admitted that had he proceeded to sell, under the execution in his hand, he would have been answerable in damages to the owner, if the judgment debtor was not the owner of the wood, or to the judgment debtor for any balance in his hands, after satisfaction of the judgment debt, and consequent costs and expenses, if a balance remained. The suit at bar is to recover the value of such title to the wood as the sheriff had, and to recover nothing more.

*Burbank* v. *Berry*, 22 Me., 483; *Philbrook* v. *Burgess*, 52 Me., 271; *Bradley Land and Lumber Co.* v. *Eastern Manufacturing Company*, 104 Me., 203; *Williams* v. *Dunn*, 120 Me., 506.

It would seem that the defendants here are not liable as sureties on a replevin bond, for our statutes, Chap. 101, Sec. 10, require that, "Before serving the writ (replevin), the officer shall take from the plaintiff, or someone in his behalf, a bond to the defendant, with *sufficient sureties.*" Such bond the sheriff did not take. Principal and sureties in the so-called replevin bond are the same parties, a situation not contemplated in the statute cited.

But on whatever bond sued, the defendants have been defaulted.

The sheriff seeks to recover his damages. The abatement of the writ, styled a replevin writ, did not in any manner determine the title to the wood.

"Unless the title to the property is put in issue and determined, a judgment in the replevin suit determines nothing beyond the right of possession, and evidence bearing on title and real ownership is admissible in an action on the bond as affecting the measure of damages." 34 Cyc., 1587, and cases cited, note 5.

Judgment for the defendant in a replevin suit does not necessarily determine the title to the property, and defendant in an action on the bond is entitled to show that it was not determined in such suit, or that plaintiff's was a mere possessory right. *Crabbs* v. *Koontz*, 69 Md., 59; 13 Atl., 591.

"If the title has not been determined in the replevin suit, any

pertinent facts may be shown in diminution of the claim." *Easter* v. *Foster et al*, 173 Mass., 39.

This question was considered in *Jones* v. *Smith*, 79 Me., 452, where the Court says, "What damage is the plaintiff entitled to recover? The bond is given as an indemnity for whatever loss or damage the plaintiff may have suffered. There has been no judgment in the replevin suit determining the title to the property, and the question of property has in no way been passed upon. The question of damages, so far as it has not been settled by any judgment, is therefore open to the defendants. *Tuck* v. *Moses*, 58 Me., 476; *Buck* v. *Collins*, 69 Me., 448. There can be no valid objection to permitting the defendant, in a suit like the present, to show anything in mitigation of damages, where it is not inconsistent with any judgment in the replevin suit."

See also, *Fielding* v. *Silverstein*, 70 Conn., 605; *Crabbs* v. *Koontz*, supra; *O'Donnell* v. *Colby*, 153 Ill., 324; *Simmons* v. *Robinson et al*, 101 Mich., 240; *Bradley Land Co.* v. *Eastern Manufacturing Co.*, supra; *Harmon* v. *Flood et al*, 115 Me., 116.

The evidence proffered to show that a corporation owned the wood, and that it was in no sense and no degree the property of the judgment debtor was properly admitted. Right and justice demand that title in another than the judgment debtor may be shown in the litigation then in process, rather than in and by means of subsequent suits. *Williams* v. *Dunn*, supra. Defendants had submitted to default. The value of the sheriff's qualified title was the first issue in determining the amount to be awarded the sheriff after default.

"In an action on a replevin bond, judgment for plaintiff must be for the penalty of the bond, but execution can issue for so much thereof only as is due for the breach proved." 34 Cyc., 1608 (v).

In determining the amount of damages, the learned Justice made no error in law, unless it appear from the record that there was no legally admissible evidence upon which he based his computation or finding.

We find ample evidence that the sheriff had seized upon the Sawyer execution the property of the Moor, Foster & Hillgrove corporation, and not the property of the judgment debtor. We find uncontradicted evidence that all actual damage which plain-

tiff had suffered or could suffer in future, because of the attempted replevin of the wood has been paid him.

"Nominal damages only are recoverable for a technical breach where no actual damage is shown to have been sustained." 9 C. J., 130.

The mandate should be,

*Exceptions overruled.*