HOLCOMB AND HOKE MANUFACTURING COMPANY ET AL.
*v.* WATTS.

[No. 13,905.   Filed April 3, 1930.   Rehearing denied June 13, 1930.
Transfer denied December 9, 1930.]

*Henry W. Moore*, for appellants.
*Beasley, Aikman, O'Brien & Beasley*, for appellee.

REMY, C. J.—Watts, by written contract, agreed to purchase of appellant Holcomb & Hoke Manufacturing Company a popcorn roaster, consideration $315.10, payable, $57.50 cash, remainder in certain stipulated biweekly installments, purchaser to be given immediate possession, title to remain in seller until consideration should be fully paid, and, upon default in any payment, all unpaid installments to become due, and seller to have right to take immediate possession of machine.   Under the contract, the machine was delivered to Watts, he having made the cash payment; no further payments were made, for the reason, as claimed, that the machine would not do the work for which it was purchased. Whereupon, Holcomb & Hoke Manufacturing Company, upon refusal of Watts to surrender the machine,

commenced an action in replevin, and took possession of the property, having given replevin bond with appellant United States Fidelity & Guaranty Company as surety. Later, the replevin action was dismissed by Holcomb & Hoke Manufacturing Company, after which Watts began this action against appellants on the bond. Trial resulted in a verdict and judgment for $400 against appellants, and this appeal followed.

With its general verdict, the jury returned answers to certain interrogatories submitted by the court, the substance of the answers being that, at the time the popcorn machine was taken under writ of replevin, Watts had determined to return it to Holcomb & Hoke Manufacturing Company upon surrender by that company of the cash payment and the notes; that, for two months prior to the replevin action, the machine had been idle and worthless to Watts; that the jury did not know the rental value of the machine, and that, prior to the commencement of this action, appellant Holcomb & Hoke Manufacturing Company offered to return the machine, but appellee refused to accept it.

On the trial of the cause, there was competent evidence to support the jury in its answers to interrogatories, as there was competent evidence of all the facts above detailed. It also appears from the record that there was no evidence as to the value of the popcorn machine at the time it was taken in the replevin action.

The rulings of the court on appellants' separate motions for judgment on answers of jury to the interrogatories notwithstanding the general verdict, and on their separate motions for new trial, are the only alleged errors properly assigned.

The one question presented by this appeal is: What is the measure of damages in an action on a replevin bond, where the breach relied on is that the plaintiff in replevin failed to prosecute the action with effect, as

evidenced by his dismissal of the action, and where defendant in the action on the bond defends on the ground that he is the owner and entitled to immediate possession of the property replevied?

It is a well-established general rule that in an action on a replevin bond, where the only breach is a failure to prosecute with effect, as by dismissal without an adjudication for return of the property, and where the evidence shows title and right of possession in the plaintiff in the replevin action, only nominal damages may be recovered (*Stockwell* v. *Byrne* [1864], 22 Ind. 6; *Miller* v. *Cheney* [1882], 88 Ind. 466); and other jurisdictions, having under consideration the exact question presented by this appeal, have correctly held that, where the plaintiff in replevin dismisses his action, and there is no adjudication as to the title or right of possession of the property, and no evidence of its value or the value of its use, only nominal damages can be recovered in an action on the replevin bond. *Sopris* v. *Lilley* (1875), 2 Colo. 496; *Morrison* v. *Yancey* (1886), 23 Mo. App. 670. See, also, *Webber* v. *Mackey, Nisbet & Co.* (1889), 31 Ill. App. 369; *Little* v. *Bliss* (1895), 55 Kans. 94, 39 Pac. 1025.

Under the facts as shown by the record in this case, the trial court erred in holding that appellee was entitled to recover more than nominal damages. On motion for judgment on answers to the interrogatories, the court should have held that appellee was entitled to judgment for nominal damages, and no more, and rendered judgment accordingly.

Judgment reversed, with instructions to the trial court to render judgment on the answers to interrogatories in accordance with this opinion.