[Civ. No. 7165. Second Appellate District, Division Two.—April 25, 1932.]

W. H. JAMISON, Respondent, v. HOBBS BATTERY COMPANY (a Corporation), Appellant.

D. Brandon Bernstein and Franklin J. Cole for Appellant.

Perry F. Backus for Respondent.

THOMPSON (IRA F.), J.—The plaintiff brought action to recover the balance due under the terms of a written lease of real property. The defendant set up an executed oral agreement modifying the terms of the original lease whereby the amount of rental was reduced from $100 per month for the second and third years of the term, and from $125 for the remaining two years, to $50 per month for the entire four years. The court found contrary to the allegations of the answer and rendered judgment for plaintiff for the sum unpaid according to the terms of the lease. This is an appeal from the judgment so rendered.

In effect, the reason assigned why we should order a reversal is that the evidence is insufficient to support three findings, as follows, to wit:

"VIII. That the plaintiff and defendant did not enter into any oral agreement subsequent to the making of the said written agreement concerning any matters. or things set forth in said written agreement.

"IX. That at no time has there been a dispute existing between plaintiff and defendant respecting the amount of rental to be paid for the said term covered by the said written agreement of lease.

"X. That the plaintiff did not orally or otherwise agree to accept the sum of fifty and no/100 dollars ($50.00) per month as rental in lieu of the sums set forth in said written agreement and that the plaintiff did not orally or otherwise agree to accept any lesser amount of rent than the full amount of six thousand and no/100 dollars ($6,000.00)."

The testimony discloses that only the sum of $50 per month was paid to the respondent .by the appellant and that the respondent received and cashed checks sent to him monthly in that sum. It is argued that this evidence is sufficient to compel the finding that an oral agreement was made and executed. A witness for the appellant testified that after he had mailed a check for $50 for what he assumed to be the thirteenth month of the lease the respondent called upon him to ascertain why he had not been sent $100. The witness, who was then president of the appellant corporation, told respondent that the rent was excessive and that "the neighborhood trade was not patronizing the location". To this the respondent, according to the witness, replied: "That it was not the fault of the location but the fault of the man running the shop," and further, "that we (the appellant company) would continue to pay the $50 per month and hold the lease. He would not cancel the lease but would hold the lease as a club over Steve" (the man who, according to the witness, was subleasing from appellant for the purpose of handling its material) "and any time Steve apparently neglected his work that we would demand the rent and put him out". However, the respondent gave the conversation a little differently. He testified: "Mr. P—— [the witness just quoted] seemed quite exercised in regard to the matter and he said, 'Well, I can't pay any $100 a month there', and I said, 'How much business have you been doing down there this past year?' He said, 'I don't know'. 'Well,' I said, 'I have got to

go East and I won't be back for at least two months. My tickets are bought and I have not time to bother with this matter at this time. You gentlemen get me up a statement as to the amount of the gross receipts of that business, we will look into the matter and try and fix up something satisfactory.' I did not care to have anybody lose any money on the premises I owned.'' He also swore: ''I told him that, and he said that he would have Steve get it up. He gave a check for $50. I told him we would let the matter ride until I returned and received this statement.'' The respondent followed this testimony by positive declarations that no statement was ever furnished him and that no satisfactory arrangement was ever made. Conceding all the weight to the payments of $50 per month to the respondent and acceptance by him to which they are entitled, yet there is positive testimony that no agreement was arrived at and the trial judge was vested with the duty of deciding upon the conflict if in fact there was any. The last clause is added for the reason that the testimony of the witness for the appellant fails to disclose any agreement supported by any consideration.

Judgment affirmed.

Craig, Acting P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.

Curtis, J., dissented.