[Civ. No. 7255. Second Appellate District, Division Two.—December 22, 1932.]

WESTERN OIL AND REFINING COMPANY (a Corporation), Respondent, v. E. M. SULLIVAN, Appellant.

Frank L. Borden for Appellant.

Arthur G. Baker and Joseph Hansen for Respondent.

THOMPSON (IRA F.), J.—This is an appeal from a judgment rendered in favor of the plaintiff corporation in a claim and delivery action. The facts essential to an understanding of the case are briefly as follows: On November 27, 1928, the appellant owned certain land, together

with all the oil and eighty per cent of natural gas that might be produced therefrom. Being desirous of drilling for the oil and gas he entered into a contract with respondent on that date whereby respondent agreed, in consideration of the contemporaneous execution of a gas contract in its favor, to place at the disposal of appellant for a period of seven months two boilers to be used in the drilling of a well. There was included in the contract a provision that when the well should be placed on production respondent should retain sufficient of the royalty gasoline belonging to appellant to pay for the boilers in the sum of $4,850, plus interest at seven per cent from the date of the agreement. Respondent furnished the equipment as agreed, but the seven months passed without any funds being raised or made available by the appellant for the work of drilling. On June 22, 1929, upon the statement of appellant's representative to a Mr. Esselstyn, acting for respondent, that appellant expected some money from the east, the latter said to forget about the boilers "until some higher officer would mention it to him, and he figured that it could be fixed to our satisfaction". Again, about the middle of July of the same year a Mr. Taylor told the same witness, the manager for appellant: "that the boilers would be left there until the time that the money came, and that I would see them—at that time they would take up the proposition of extending the time by contract". Finally, on September 25, 1929, the hope of securing funds which was springing in appellant's breast had completely waned so far as respondent was concerned, and it demanded the return of the boilers. Upon refusal of the appellant to deliver them up this action was brought resulting in a judgment for their recovery together with interest upon their value from the date of the contract at seven per cent per annum.

There are two reasons advanced why we should reverse the judgment, the first being that the right of possession of the machinery was in appellant by virtue of the oral agreement and the other that the court was not authorized either by the evidence or the pleadings to award plaintiff a judgment for the interest.

█ Appellant's contentions cannot be sustained. In the first place there is nothing in the conversations which evidences a new agreement for the possession of the boilers.

The most that can be said for them is that they evidence a willingness on the part of the respondent to defer demand for possession for a further short period to ascertain whether the money would come, at which time a new agreement would be discussed. Furthermore, it is obvious that. the conversation of June 22, 1929, could not be sufficient to alter the written contract even though its purport were as contended for by appellant. The case of *Jamison* v. *Hobbs Battery Co.*, 123 Cal. App. 57 [10 Pac. (2d) 779], completely concludes appellant's first argument.

■ Turning to the other contention we note that the court found "that the plaintiff and the defendant E. M. Sullivan, entered into an agreement under date of November 27, 1928, wherein and by virtue of which, among other things, the said defendant agreed to pay to plaintiff interest at the rate of seven per cent per annum on the sum of forty-eight hundred and fifty dollars ($4,850.00), the value of the boilers specifically described in paragraphs III and IV of plaintiff's complaint, until the plaintiff shall have received the full amount of said $4,850.00 in the event said boilers should not be redelivered to the plaintiff, or interest at the same rate on the same amount of money until said boilers should be redelivered to the plaintiff." It is said by the appellant that this finding is not responsive to any allegation of the complaint nor supported by the evidence. The appellant is mistaken in both of these assertions. The complaint alleges that plaintiff has been damaged by the detention of the property in the sum of $4,850, this being in addition to the allegation of value of the property. Section 627 of the Code of Civil Procedure provides that in an action for the recovery of specific personal property the jury, if finding for the plaintiff, shall not only find the value of the property, but also "may at the same time assess the damages, if any are claimed in the complaint". In *Nahhas* v. *Browning*, 181 Cal. 55 [183 Pac. 442, 443, 6 A. L. R. 476], it is said: "Ordinarily, loss of use and other injuries resulting from the taking and withholding of personal property may be compensated by allowing the successful party in a replevin suit to recover interest on the value of the property from the time of the taking. There is no good reason, however, for holding that he is confined to interest as damages if he can establish the fact that the value of the

use of the property of which he was deprived exceeds the interest.'' (See, also, exhaustive note to the above case in 6 American Law Reports, at page 478.) In the instant case the contract of the parties established the value and also the damage to which the respondent was put by the withholding of the property.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.