JAMES R. McCLELLAN ET UX., APPELLANTS, v. F. A. NORTH COMPANY ET AL., RESPONDENTS.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellants, *William Charlton.*

For the respondents, *Waddington & Mathews.*

The opinion of the court was delivered by

PARKER, J. The facts, as found by the trial judge, are fully stated in his decision, *ubi supra,* and need not be here repeated at length. Plaintiffs had possession of a piano under a written contract with the North Company, styling itself a

lease; and one point of dispute is whether it was in legal contemplation a contract of conditional sale. Another point in dispute, material in view of the difference in limitation of actions on specialties and on simple contracts, was whether the contract was a specialty. These two points appear to be determinative of the present appeal.

The contract provided that possession of the piano should be in plaintiffs McClellan so long as its requirements were performed, and in particular the monthly payments mentioned therein as "for the hire and use thereof" were duly made by the "Lessee;" failing which, the North Company should be entitled to resume possession. The payments were not kept up; and the company proceeded to resume possession by means of a replevin suit and the accompanying bond. *Comp. Stat., p.* 4369, § 6. Unfortunately for itself, the company neglected to make the usual preliminary demand, though a demand was served at the time of executing the writ. This was held insufficient at the trial of the replevin suit, and judgment went therein for the McClellans, and was affirmed here. *F. A. North Co.* v. *McClellan,* 116 *N. J. L.* 145. However, the North Company actually had the piano, and its adversaries' writ *de retorno habendo* came back with a return that the piano had been eloigned. The present suit was then instituted against the North Company, principal, and its surety on the bond, claiming damages in the full value of the piano, damages for detention, and costs of the successful parties in the replevin suit. The North Company counterclaimed for the entire balance of money payable under the contract, as though the McClellans were still in possession of the piano. The trial judge held that the McClellans were entitled to no more than the taxed costs of the replevin suit, with interest and nominal damages, in all some $56; and that the North Company was entitled on its counter-claim to recover four monthly payments of $50 each due at the time of the taking, together with interest, in all $295.34. The North Company does not appeal.

Recurring to the two questions stated at the outset: (1) the instrument calls itself, a lease. There is indeed some language in it from which an inference might be drawn that

a transfer of title on payment in full was contemplated; and section 1 of the Conditional Sales act may be applicable (*Supp. Comp. Stat.* 1924, *p.* 3129; *Pamph. L.* 1919, *p.* 461); though in the testimony of Mrs. McClellan it is spoken of as a "lease." We need not pursue the inquiry, for in any event, the most that the McClellans could claim as damages would be the value of their actual possession of the piano, as they had no title, either general or special, after default, in any view of the contract. There was no proof at the trial, worthy of the name, of any substantial damage for such interference. Hence a nominal award was fully justified.

2. As to the payments in default claimed by the North Company, the default was over six years old, and the six years limitation was pleaded to the counter-claim, and overruled by the trial judge. This was right. The contract was a Pennsylvania contract ending with the words "witness our hand and seal the date first above written" and signed by husband and wife opposite the printed letters "(L.S.)." An expert on Pennsylvania law was called as a witness, and testified without contradiction that the contract was a specialty. Technically this question of Pennsylvania law is one of fact, and the finding of the trial judge that it was a specialty, based on competent and uncontradicted evidence, is conclusive. The law of Pennsylvania seems to control. *Coral Gables* v. *Kretschmer,* 116 *N. J. L.* 580.

There was only one seal. But if the paper was a specialty, *i. e.,* a sealed instrument, and the testimony of Pennsylvania counsel settles that fact, the presumption of adoption of the same seal by more than one signer, particularly in view of the recital quoted, is elementary law. 2 *Blk.* 307; 56 *C. J.* 896; 24 *R. C. L.* 691.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, DONGES, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, COLE, JJ. 11.

*For reversal*—THE CHANCELLOR, CASE, BODINE, HEHER, JJ. 4.