## Unger et al., Execs., v. Hoak et al.

*E. M. Biddle, Jr.*, for plaintiffs.

*Elizabeth McCullough, Willis M. Daniels* and *Harold Swope*, for defendants.

REESE, P. J., May 14, 1941. — Charles A. Hoak brought an action in replevin against Unger's executors to recover a diamond ring to which Hoak claimed title. Upon his filing a bond the sheriff turned the ring over to Hoak. At the trial of the replevin action the jury found in Hoak's favor but the action was later dismissed on the ground that the court of common pleas had no jurisdiction. The executors then sued Hoak and his surety in the present action on the replevin bond to recover the value of the ring, still in Hoak's possession, and the costs of the action in replevin.

In their affidavits of defense Hoak and his surety allege that the ring belongs to Hoak and as a set-off aver Unger's indebtedness to Hoak on a demand note for $1,000 dated March 12, 1925 (long prior to Unger's death). The executors, as plaintiffs herein, filed an "answer" to the set-off which contained "new matter" averring that decedent's estate was wholly insolvent. To this "new matter", Hoak and his surety filed "answers" which admitted the insolvency of decedent's estate. Plaintiffs, the executors, obtained a rule for judg-

ment for want of a sufficient affidavit of defense and a rule to strike off the set-off.

There is considerable novel pleading in this case. To the defendants' set-off, plaintiffs filed an "answer". This should have been designated a "reply". We know of no statutory or judicial authority for "new matter" in a reply nor for an "answer" to new matter contained in a reply. However, the latter answer admits the insolvency of decedent's estate and we may regard this pleading by defendants as supplemental to their affidavit of defense wherein it alleges a set-off.

Instead of a rule to strike off the set-off, plaintiffs, to attack the legal sufficiency or sustainability of the set-off, should have filed a reply raising a question of law: National Cash Register Co. v. Ansell et al., 125 Pa. Superior Ct. 309, 314; Riling v. Idell et al., 291 Pa. 472, 475, 476; but as in the case last cited we can treat the rule to strike off as a reply raising a question of law as to whether the set-off is legally sustainable.

In considering the rule for judgment for want of a sufficient affidavit of defense, the question to be decided is whether defendants' averment of title to the ring is legally sustainable as a defense, in whole or in part, to plaintiffs' action on the replevin bond. Although the question seems never to have been decided in Pennsylvania, in all the jurisdictions where the question has arisen it has been consistently held that where, as in the present action, title to the chattel replevied is not judicially determined in the replevin action, in an action on the replevin bond the unsuccessful plaintiff as defendant in the latter action may plead and prove title to the chattel in mitigation of damages, and if successful plaintiff's claim is reduced to nominal damages and costs suffered by reason of the replevin suit: 54 C. J. 654, 671; Easter v. Foster et al., 173 Mass. 39, 53 N. E. 132; Freeman v. United States Fidelity & Guaranty Co., 43 Misc. 364, 87 N. Y. Supp. 493; Macomber v. Moor et al., 128 Me. 481, 148 Atl.

682; Bates v. American Surety Co. of N. Y., 50 R. I. 402, 148 Atl. 323; McClellan et ux. v. F. A. North Co. et al., 118 N. J. L. 168, 187 Atl. 337; and other cases cited in 54 C. J. 654, n. 95. The reasoning of these cases is sound and we have no hesitation in applying the principles therein set forth to the present case.

Of course, our ruling on the foregoing question means that title to the ring will be tried in the present action. We feel that this court has jurisdiction in the present action, although we decided this court had no jurisdiction to try the replevin action. In that action plaintiff therein was seeking to recover a chattel in possession of decedent at his death. In such a situation, resort must first be had to the orphans' court. In the present action, the executors are seeking to recover the value of an alleged asset of the estate, and in such case we feel this court has jurisdiction.

On the other question before us, whether defendants herein can set off the debt owed by the decedent to Hoak, defendants rely on the principle that, where the executor of an insolvent estate sues upon a claim, defendant may set off a debt of decedent due at his death, even though the claim sued on did not mature or accrue until after decedent's death. This principle is sound and was applied by us, after full discussion of the authorities, in Shughart, Admr., v. Carlisle Deposit Bank & Trust Co., 38 D. & C. 498, 502. But we do not think this principle can be applied to the present case. We believe the principle applicable to the present case is the one enunciated in Thacher's Estate, 311 Pa. 278, 281, where the Supreme Court said:

"We have steadily held that a set-off will not be allowed to a creditor of a decedent, as against a claim for a sum due by him for the purchase, from the executor or administrator, of a part of the assets of the estate: Wolfersberger v. Bucher, 10 S. & R. 10; Steel v. Steel, 12 Pa. 64; Singerly v. Swain's Admr's., 33 Pa. 102; Stephens v. Cotterell, 99 Pa. 188. The reason for

the disallowance, though this is immaterial, is generally stated to be that the executor or administrator could sue individually for the price agreed to be paid to him for the assets he sold, and hence the claim and the attempted set-off are in different rights."

In the present case defendant Hoak has acquired possession from the executors of an alleged asset of the estate by an unsuccessful action of replevin. The executors are now, in the action on the replevin bond, seeking·to recover the *value* of the alleged asset. This is not unlike the situation referred to in Thacher's Estate, supra, where an executor seeks to recover the *price* of an asset acquired from him by purchase, and we feel the same principles of set-off which govern the latter situation should apply to the case before us.

In Singerly v. Swain's Administrators, 33 Pa. 102, one of the cases cited in Thacher's Estate, supra, the administrators offered decedent's real estate at public sale to pay debts. Defendant was the successful bidder but refused to pay in compliance with his bid. The administrators resold the property and then brought action to recover from defendant the difference between his bid and the amount realized from the resale. It was held that defendant could not set off a debt due to him by decedent. The court said (p. 105) :

". . . the debts are not in the same right. One of them never existed between the defendant and the decedent, and the other existed between them only."

The similarity between that case and the one now before us is at once apparent.

And now, May 14, 1941, the rule for judgment for want of a sufficient affidavit of defense is discharged, the question of law raised by the rule to strike off defendants' set-off, treated as a reply, is decided against defendants, and it is adjudged that the set-off is not legally sustainable in the present action.