[Civ. No. 14117. First Dist., Div. Two. Oct. 14, 1949.]

VICTORIA BILLE et al., Appellants, v. JOSEPH MANNING, Respondent.

Albert J. McGuire for Appellants.

Edmund J. Holl for Respondent.

DOOLING, J.—Plaintiffs appeal from a judgment awarding them $227 actual damages and $100 punitive damages. Appellants, mother and daughter, were evicted from a

flat in which they were living by a writ of possession following a judgment for the owner in the municipal court. The case is similar to *Tranchina* v. *Arcinas,* 78 Cal.App.2d 522 [178 P.2d 65] in that the owner represented to the O.P.A. that he desired to occupy the flat as his own dwelling and procured a certificate allowing him to terminate the tenancy for that purpose. After evicting the appellants by process issued under his judgment for possession he did not occupy the premises himself but on the same day let them to another tenant. This was an abuse of the process which he had obtained solely for the legal purpose of securing occupancy for himself.

The award was for special damages only and appellants urge that they were entitled to general damages as well, made up of the following items: 1. physical injury; 2. damage in being compelled to buy a home at more than its market value; 3. loss of time in looking for another place to live. None of these elements was specially pleaded, the allegation of general damage being that "plaintiffs were generally damaged in the sum of Two thousand five hundred . . . dollars." The items involved are not the results ordinarily to be expected to follow an eviction, especially where the appellants were not summarily ejected by the officer in execution of the writ of possession but themselves quit the premises in obedience to its mandate. It may be questioned whether they constitute general or special damages and even if general damages whether they should not have been at least "pointed out" in the complaint. (*Sloane* v. *Southern Cal. Ry. Co.,* 111 Cal. 668, 685 [44 P. 320, 32 A.L.R. 193].)

However assuming that they were properly pleaded we find no error in the action of the court. The only evidence of physical injury was the following in the testimony of appellant Victoria Bille:

"Q. What effect did these proceedings have on your health?

"A. Well, it didn't make me feel very good. I got nervous over it and kind of sick about it, and I just couldn't work and couldn't eat. Well, I was sick.

"Q. And what effect did it have on your mother?

"A. She got very sick too; she got a kind of nervous spell and she was very sick over it; it affected her stomach and we had to have the doctor for her."

Appellants produced no other evidence on this subject than these generalizations of a nonmedical witness. The trial court was entitled to conclude that no physical consequences

entitling appellants to any substantial damages were proved.

The only evidence of damage by paying more than its market value for a place in which to live is found in the following answer given to the following question by a real estate broker:

"Q. From your knowledge as a real estate broker would you say that was a fair market value for that property?

"A. Well, she paid two or three thousand more than she should have for that property."

The answer was ambiguous and not strictly responsive. The witness did not give his opinion of market value and did not say that two or three thousand dollars more than the market value was paid. The somewhat evasive answer might as well mean that the purchase was at the market value but the witness regarded the market value as two or three thousand dollars more than it should have been. The trial judge may well have concluded that it was not proved that anything in excess of the market value of the property was paid for it.

The testimony as to loss of time in seeking a new place to live covered the period before service of the writ of possession as well as after it with no segregation of time spent in each period. The gist of the tort was the wrongful use of the writ, the good faith of the defendant being res adjudicata up to the entry of judgment for possession. (*Tranchina* v. *Arcinas, supra,* 78 Cal.App.2d 522, 524.) There was no proof of loss of time after service of the writ definite enough to support a specific award.

Appellants complain of the action of the trial court in excluding evidence of the defendant's wealth on the issue of exemplary damages. Such evidence is admissible for the consideration of the court or jury in fixing the amount of exemplary damages if such damages are awarded (8 Cal.Jur. 899) but the plaintiff is never entitled to exemplary damages as a matter of right, their granting or withholding resting entirely in the discretion of the court or jury (8 Cal.Jur. 866).

The consideration of the defendant's wealth, where exemplary damages are allowed, is likewise discretionary (*Thomas* v. *Williams,* 139 Wis. 467 [121 N.W. 148]) and in this case, tried without a jury, the trial judge made it clear in excluding the evidence that she did not intend to consider that element if she concluded to allow exemplary damages. Since the matter of its consideration was discretionary with her we can see no prejudicial error in the judge exercising that discretion at the time the evidence was offered. A differ-

ent question would be presented if evidence of wealth was excluded in a case tried before a jury, in which case the court would be taking from the jury evidence which the jury was entitled to consider if it saw fit to do so.

Appellants are in no position to complain that damages were awarded jointly to both appellants instead of being segregated to each since the complaint prayed for a single award to both appellants.

Judgment affirmed.

Goodell, Acting P. J., and Runnells, J. pro tem., concurred.