[S. F. No. 21632.   In Bank.   May 14, 1964.]

LOUIS CROSSWHITE, Plaintiff and Appellant, v. THE AMERICAN INSURANCE COMPANY, Defendant and Respondent.

Jones & Sinai and James E. Jones, Jr., for Plaintiff and Appellant.

Frederick L. Hilger for Defendant and Respondent.

TRAYNOR, J.—Plaintiff appeals from a judgment for defendant surety company in an action on a claim and delivery bond.

Plaintiff acquired a logging truck knowing that it was subject to a chattel mortgage held by the DeBon Motor Company as security for a note that was in default. The mortgage provided that in the event of a default the mortgagee was

entitled to possession and could "enter upon the premises where the said mortgaged property may be and take possession thereof." Instead of attempting to take possession of the truck, DeBon first demanded possession and when that was refused brought an action against the mortgagor to recover the truck and also invoked the auxiliary remedy of claim and delivery. (Code Civ. Proc., §§ 509-521.) Defendant delivered to DeBon the undertaking required to support the seizure of the truck by claim and delivery. At that time DeBon did not know that the mortgagor had sold the truck (the registration and certificate of ownership were not transferred) or that the truck had been taken out of the county where the mortgagor had his place of business. Apparently for this reason seizure of the truck was delayed, and plaintiff filed an answer to the complaint 15 minutes before the sheriff seized the truck. Section 509 of the Code of Civil Procedure provides that in an action to recover personal property the plaintiff may claim delivery of it "at any time before answer." The sheriff did not seize the truck until after the answer was filed and failed to deliver all of the documents required for a seizure by claim and delivery. Two months later the trial court ordered the truck returned. DeBon returned the truck and voluntarily dismissed the action without prejudice, apparently because it did not wish to leave plaintiff in possession while waiting for the case to come to trial. DeBon filed a new action shortly thereafter, and delivery of the truck was properly claimed.

The undertaking given by defendant, following the provisions of section 512,* was conditioned on the "prosecution of the action." DeBon's failure to prosecute the action breached this condition. (*Mills* v. *Gleason*, 21 Cal. 274, 280; *Bucy* v. *New Amsterdam Casualty Co.*, 150 Cal.App.2d 572, 574 [310 P.2d 189].) The only issue at the trial was the amount of plaintiff's damage, which plaintiff claimed to be the value of the use of the truck during the two-month period when DeBon had possession of it. The trial court, however, held that plaintiff had no right to the use of the truck during that period and therefore had not been damaged by its seizure.

It is established by the admitted facts, and plaintiff does not deny, that DeBon was entitled to the possession of

*Section 512 requires "a written undertaking, executed by two or more sufficient sureties ... to the effect that they are bound to the defendant in double the value of the property ... for the prosecution of the action. ..."

the truck when it was seized. The truck was subject to a mortgage securing an obligation that was in default. The mortgage expressly granted the mortgagee the right to possession after default, and under its terms the mortgagee could have repossessed the truck without legal process, at least if the repossession could have been accomplished peacefully. (*Silverstin* v. *Kohler & Chase*, 181 Cal. 51, 54 [183 P. 451, 9 A.L.R. 1177]; *Flinn* v. *Ferry*, 127 Cal. 648, 652-653 [60 P. 434]; *Zeff* v. *Harvey Smith Oldsmobile Co.*, 154 Cal.App.2d 1, 4 [315 P.2d 371]; see *Harper* v. *Gordon*, 128 Cal. 489, 491-492 [61 P. 84].) In withholding property subject to such a mortgage after demand, the mortgagor and his assigns became converters (*Mathew* v. *Mathew*, 138 Cal. 334, 336-337 [71 P. 344]), liable not only for the property or its value, but also for damages for the detention from the time of the demand. (*Guerin* v. *Kirst*, 33 Cal.2d 402, 414-415 [202 P.2d 10, 7 A.L.R.2d 922]; *Spencer Kennelly, Ltd.* v. *Bank of America*, 19 Cal.2d 586, 589 [122 P.2d 522]; *Drinkhouse* v. *Van Ness*, 202 Cal. 359, 374, 379-380 [260 P. 869]; *Nahhas* v. *Browning*, 181 Cal. 55, 57 [183 P. 442, 6 A.L.R. 476]; Code Civ. Proc., §§ 667, 627; see Code Civ. Proc., § 740; 10 Cal.Jur.2d, Claim and Delivery, § 70.) Plaintiff was therefore not only not entitled to the use of the truck during the two-month period it was in DeBon's possession, but could have been held liable for the value of its use had he retained it during that time. Unless defendant is precluded for some reason from showing its principal's right to possession, the trial court's decision must be affirmed.

Plaintiff contends that the judgment of dismissal conclusively established his right to possession. This contention is clearly without merit. A voluntary dismissal without prejudice before trial is not a judgment on the merits. Nor did the trial court's order to return the truck to plaintiff establish his right to possession. That order was based merely on the procedural irregularity in the seizure.

Plaintiff contends that his right to possession is irrelevant in an action on a claim and delivery bond. He contends that because there was a breach of a condition of the bond, he must necessarily have a right to recover damages. That he would have had a right to recover the costs of the first action, had he asked for them, is clear. To recover more than costs, however, he must show some other injury.

DeBon's dismissal of the action precluded a determination in that action of plaintiff's right to possession. Had DeBon

prosecuted the action and failed to establish its right to possession, plaintiff could have recovered damages for the loss of use of the truck. The denial of that opportunity was the wrong involved here. (*Mills* v. *Gleason,* 21 Cal. 274, 280; *Bucy* v. *New Amsterdam Casualty Co.,* 150 Cal.App.2d 572, 574 [310 P.2d 189].) That wrong was rectified by giving plaintiff an opportunity to bring an action on the bond in which, if defendant could not show DeBon's right to possession, plaintiff was guaranteed satisfaction of his judgment. Plaintiff's recovery on the bond is limited to the damages he could have recovered had the original action been decided on the merits in his favor. (See *LeFave* v. *Dimond,* 46 Cal.2d 868, 870-871 [299 P.2d 858, 60 A.L.R.2d 939]; *Nahhas* v. *Browning,* 181 Cal. 55, 57 [183 P. 442, 6 A.L.R. 476].) Thus, in *Mills* v. *Gleason,* 21 Cal. 274, 280, the court held that "A dismissal stands upon the same footing as a nonsuit, leaving the parties to settle in an action upon the undertaking those matters which, if the original suit were prosecuted, it would be necessary to determine in the first instance. Such matters include, of course, the right of the defendant [in replevin] to a return of the property, and as the opportunity to obtain a judgment for its return is taken away by the failure to prosecute, he is entitled to compensation in damages. A failure to prosecute is a breach of the undertaking, and the legal and necessary result is that the sureties to the undertaking are liable for whatever injury the defendant has sustained." In *Tapscott* v. *Lyon,* 103 Cal. 297, 310 [37 P. 225], a replevisor who dismissed his action after claiming delivery of the property was held liable for damages only if he failed to establish his right to the property. Though the plaintiff in that case sued in conversion rather than on the bond, the basis for liability in either case is the same, and the court treated the remedies as interchangeable. In *Bucy* v. *New Amsterdam Casualty Co.,* 150 Cal.App.2d 572, 574-575 [310 P.2d 189], the court affirmed a judgment for the plaintiff in an action on a claim and delivery bond after deciding that the evidence supported the trial court's finding that plaintiff was entitled to possession of the property taken. These decisions are supported by the weight of authority. (*Meyers* v. *C.I.T. Corp.* (1945) 132 Conn. 284 [43 A.2d 742, 744]; *Holcombe & Hoke Mfg. Co.* v. *Watts* (1930) 91 Ind.App. 695 [170 N.E. 861, 861-862]; *Wyatt* v. *Duncan* (1939) 149 Kan. 244 [87 P.2d 233, 238]; *Rowan* v. *State* (1937) 172 Md. 190 [191 A. 244, 249]; *Macomber* v. *Moor*

(1930) 128 Me. 481 [148 A. 682, 684]; *McClellan* v. *F.A. North Co.* (1937) 118 N.J.L. 168 [191 A. 753, 754]; *Budracco* v. *National Surety Co.* (1920) 112 Misc. 133 [182 N.Y.S. 590, 595]; *Davis Bros. Co.* v. *Wallace* (1925) 190 N.C. 543 [130 S.E. 176, 179-180]; *Bates* v. *American Surety Co.* (1929) 50 R.I. 402 [148 A. 323]; see *Hoebel* v. *Utah-Idaho Live Stock Loan Co.* (1924) 39 Idaho 294 [227 P. 1048, 1049-1050]; *Maynard* v. *Bank of Kershaw* 188 S.C. 160 [198 S.E. 188, 192-193]; Cobbey, Replevin (2d ed. 1900) §§ 1355, 1356, 1369, 1370; Wells, Replevin (2d ed. 1907) §§ 448, 457, 458.)

*Shockley* v. *General Casualty Co.*, 194 Cal.App.2d 107 [14 Cal.Rptr. 789], which plaintiff invokes, is not relevant. It involved an action on an attachment bond, not a claim and delivery bond, and the court did not consider whether the defendant could assert its principal's right to possession of the attached property as a defense to the action.

Since plaintiff had no right to the use of the truck when DeBon took it, damages based on the value of its use could not be justified as being compensatory. Nor has plaintiff alleged or proved any facts justifying a penalty. There was no forcible seizure, which, by analogy to the rules applicable to the forcible entry and detainer of real property (Code Civ. Proc., §§ 1159, 1160, 1174, 735; see *Jordan* v. *Talbot*, 55 Cal.2d 597 [12 Cal.Rptr. 488, 361 P.2d 20]), might justify penalizing defendant. There is no suggestion of malice (cf. *Metzenbaum* v. *Metzenbaum*, 121 Cal.App.2d 64 [262 P.2d 596]; see McCormick, Damages (1935) § 110) or of abuse of process. (Cf. *Bille* v. *Manning*, 94 Cal.App.2d 142 [210 P.2d 254]; see McCormick, *supra*, § 109.)

The judgment is affirmed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.